HUSQVARNA VAPENFABRIKS AKTIEBOLAG (a Corporation), Appellant, *v.* R. P. HUSSEY & COMPANY, INC., Defendant, SEYMOUR MORK, Receiver, Respondent.

First Department, November 28, 1924.

Receivers — attorney appointed as receiver must himself perform ordinary legal services — allowance will not be made to outside counsel for such services.

An attorney who is appointed a receiver of property in an action is expected, for the commissions to be received, to perform all ordinary legal services in connection with the receivership, and where permission is not procured to employ outside counsel, the courts will not grant an allowance to pay for the services of outside counsel rendered in connection with the ordinary and usual legal matters attending the receivership.

APPEAL by the plaintiff, Husqvarna Vapenfabriks Aktiebolag, from an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 12th day of September, 1924, granting the receiver's motion for permission to pay counsel fee to his attorney for legal services.

*Gustav Lange, Jr.*, for the appellant.

*Frank Oliver* [*David S. Levin* of counsel], for the respondent.

SMITH, J.:

Costs in an action in the Supreme Court are many times large and burdensome. They should not be made so unnecessarily. Where an attorney at law is appointed a receiver of property in an action, he is usually appointed with a view to his knowledge of the law and his ability to act in all ordinary matters to protect the estate of which he is the receiver without the assistance of outside legal aid. The services rendered for which this allowance is made were services that could well have been rendered, as far as appeared by the record, by the receiver himself, in which case he is not justified in calling upon outside counsel to render them for him. The commissions to which he is entitled by law are presumed to be full compensation for such services. In the case at bar it does not appear that the receiver did anything whatever in connection with this litigation for which his attorney is asking the sum of $500 from the court. The order allowed him but $200. The rules governing allowances for such services are well settled in this department. In *Niagara Falls Ins. Co.* v. *Lincoln Mortgage Co.* (175 App. Div. 415) the law as stated in the head note reads: " The receiver of rents and profits appointed in an action to foreclose a mortgage on real property is required to earn his commissions by real and substantial services personally rendered to the estate. He should not turn over the duty of collecting rents to a real estate agent, or employ counsel to advise him without first obtaining permission of the court. If he makes expenditures for such services without permission, the court, in its discretion, may surcharge his accounts with the amount thereof." To the same effect is the rule laid down in *Utica Partition Corp.* v. *Jackson Construction Co.* (201 App. Div. 376). Mr. Justice GREENBAUM, in writing for this court, said: " The material objections of the defendant to the account will now be considered. * * * Objection was made to the payment of fees to the counsel of the receiver. The receiver, being an attorney at law, should in the ordinary discharge of his duties require no counsel. It might be proper to retain counsel where unusual complications arise."

In the case at bar there was no permission to employ an attorney for this specific service. There was no service shown which could

not have been performed by the receiver and for which he would not be compensated by the commissions which he should thereafter collect. We find no reason upon this record, therefore, for allowing any payment to the attorney, Oliver, to be made by the receiver from the money in his hands.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.