JOSEPH CAPONE, Plaintiff, *v.* MATTEO REALTY CORPORATION and Others, Defendants.

Accounting of THOMAS F. McGUIRE, Receiver of Rents, etc.

JOSEPH CAPONE, Appellant; THOMAS F. McGUIRE, Receiver-Respondent; VITO F. LANZA, Respondent; NATIONAL SURETY COMPANY, Respondent.

Second Department, December 23, 1932.

*E. V. Daly* [*James A. Gill* with him on the brief], for the appellant.

*Vito F. Lanza,* for the receiver respondent and in person.

PER CURIAM. There are here three orders for review. One permits the opening of a default of the receiver on his accounting; another settles his account on a rehearing; and the third relates to proposed amendments to the case on appeal. The latter is of no importance and should be dismissed, without costs.

After an appeal to this court (233 App. Div. 870) the matter was sent to an official referee to pass upon the account of the receiver

and the objections thereto. A date was fixed for the hearing. The plaintiff attended, but the receiver defaulted for reasons which seem to us trivial and insufficient. The accounting went on in his absence, and his account was surcharged with certain items aggregating over $4,000. Shortly thereafter, on a motion to confirm the referee's report, he made a counter motion to open the default to permit him to make explanation concerning these disputed items. The order was granted; yet, despite the fact that hearings before the referee had been held on three different days and considerable evidence taken, the default was opened without terms. This, in view of the attitude of the receiver on the original hearing, we regard as a sufficient abuse of discretion to constitute error. We will, therefore, modify the order by imposing $350 costs as a condition for the opening of the default, which the receiver should pay to the plaintiff or his attorney; and the amount should be deducted from commissions allowed him.

On the rehearing the receiver offered explanations and eventually produced his vouchers, so that the learned court at Special Term was satisfied that the surcharges should not be allowed. Otherwise, it appears that the account did not materially differ from that settled before the official referee. It is time that this matter, which has been before the courts for a comparatively long period, should come to a close.

In respect to the order distributing the funds in the hands of the receiver, we think there should be modification. The plaintiff, who has been put to much trouble and expense by the acts of the receiver in failing to account seasonably, is entitled to the costs of this appeal to be paid first; and the attorney for the plaintiff, who has prosecuted with zeal the interest of his client, should have an allowance, which was denied him in the court below. We, therefore, fix the amount for counsel fees to him in the sum of $500. The attorney for the receiver has been allowed too much in view of the amount of the fund and of his intermittent relation as counsel to the receiver. On the first hearing before the referee he appeared but announced that he had " resigned " and on the hearing represented himself only in the matter of allowances. Later he reinstated himself as attorney for the receiver. The receiver is an attorney and no order was obtained authorizing him to employ other counsel. It is expected under such circumstances that the receiver will perform all of the ordinary legal services connected with his duties in consideration of the commission that he will receive; and that the employment of counsel is unnecessary. (*Husqvarna Vapenfabriks Aktiebolag* v. *Hussey & Co., Inc.,* 211 App. Div. 88.) However, there were some court proceedings, including this

appeal, where the counsel rendered services. It would have been better practice if the receiver had applied at Special Term for authority to employ counsel, and thus obviated the risk of receiving no allowance. Under the circumstances we will fix the allowance for counsel fees at $500.

Commissions were allowed the receiver at Special Term, although disallowed by the official referee. We will not disturb the order made at Special Term in this respect except as we direct that the costs for opening the default should be charged against his commissions. As so modified we think the order should stand. To cast the decision in formal language, we hold:

The first order of February 26, 1932, opening the receiver's default, should be modified by adding thereto in the first ordering paragraph, after the word " open," the words, " upon payment by said receiver to plaintiff or his attorney the sum of $350 costs, said sum to be deducted from the commissions allowed to the receiver;" and as so modified the order should be affirmed, without costs.

The second order, dated March 31, 1932, should be modified as follows: The second, third, fourth, fifth and sixth ordering paragraphs are struck out and in lieu thereof there should be inserted:

Ordered that the amount left in the hands of the receiver be paid and distributed as follows:

*First.* That the costs on this appeal as taxed shall be paid.

*Second.* That Eugene V. Daly be allowed and paid the sum of $500 for his counsel fees and disbursements as attorney for the plaintiff on the accounting.

*Third.* That the receiver pay to Vito F. Lanza on account of counsel fees as attorney for the receiver, the sum of $500.

*Fourth.* That if sufficient balance remains the receiver shall be and hereby is allowed to be paid the sum of $1,010.43 as his commissions, from which sum shall be deducted and paid to the plaintiff or his attorney the sum of $350 as terms for opening the default, as provided in the order of February 26, 1932, as modified.

*Fifth.* That the balance remaining, if any, shall be paid to the plaintiff.

It is further ordered that the receiver is authorized to withdraw, and the chamberlain of the city of New York is directed to pay to said receiver, the sum on deposit there to the credit of this receiver or to this action, for the purpose of making the distribution directed by this order; and that said receiver is directed to file the vouchers for such payments in the office of the clerk of Queens county.

As so modified the order should be affirmed, with costs to the

appellant payable out of the funds in the hands of the receiver, as hereinbefore stated.

The appeal from the order of November 4, 1932, should be dismissed, without costs.

Present — LAZANSKY, P. J., YOUNG, TOMPKINS and DAVIS, JJ.; HAGARTY, J., not voting.

Order opening default of receiver and order settling receiver's account modified in accordance with opinion. As so modified, the order opening the default is unanimously affirmed, without costs, and the order settling the account is unanimously affirmed, with costs to appellant, payable out of the funds in the hands of the receiver. Appeal from order denying motion for reargument and amendment dismissed.