R-W REALTY Co., INC., Judgment Creditor, *v.* FRANCES GLATZER, Judgment Debtor.

City Court of the City of New York, Special Term, New York County, October 3, 1945.

*Walter Janoff* for receiver.

*Matthew V. Stepsis* for judgment creditor.

SCHIMMEL, J. Motion to discharge the receiver is granted.

Under section 1547 of the Civil Practice Act a receiver may be awarded, in the discretion of the court, commissions in excess of 5% if his commissions so computed do not amount to $100. This statute seems to be a fair provision for the compensation of receivers in cases in which the work done by them warrants a reasonable compensation in an amount greater than 5% of the receivership funds. Section 1547 of the Civil Practice Act is an older statute than section 804-a which was added by the Laws of 1938 (L. 1938, ch. 605). Section 804-a is one of a number of statutes passed that year for the purpose of implementing the remedies afforded to judgment creditors in supplementary proceedings. Article 45 of the Civil Practice Act was revised that year in various respects so as to facilitate the collection of judgments. I do not believe that the Legislature, by enacting section 804-a, intended to effect a limitation upon the discretion vested in the court under section 1547. In general, the purpose of the 1938 amendments to article 45 was to expand and extend creditors' remedies, to make supplementary proceedings a more effective instrument for the collection of judgments.

I have not overlooked the words in the first sentence of section 1547, " except as otherwise specially prescribed by statute ". But I do not construe section 804-a as modifying section 1547. No good reason suggests itself for any such modification or for a limitation exclusively applicable to receivers in supplementary proceedings. Indeed if such a limitation were imposed the result might be anomalous in that if the receiver collected nothing at all he might nevertheless, in the court's discretion, receive an allowance, payable by the judgment creditor, under section 1547-a of the Civil Practice Act, adopted in 1935 (L. 1935, ch. 555), larger in amount than if he had succeeded in collecting some small sum upon which he could be allowed only 5%. The duties and responsibilities of a receiver are often substantial

and as long as, under the present statutory scheme, receivers are necessary, they should be reasonably compensated

In the present instance the duties of the receiver extended over many years; his task was lengthy and tedious. In my opinion, $50 is a fair allowance in this case and the receiver may have that sum.

No allowance, however, will be made to the receiver's attorney and the request for such an allowance is denied (*Husqvarna Vapenfabriks Aktiebolag* v. *Hussey & Co., Inc.*, 211 App. Div. 88).