Edwin R. Lynde, J.
The receiver in this mortgage foreclosure proceeding has applied for an order settling his account, fixing his commission, fixing fees for legal services, disposing of the balance of funds in his possession, and discharging him.
The property is a three-story office building located in the City of Long Beach in which there were 21 tenants. The receiver was confronted with many problems in the maintenance of the premises and was required to commence or appear in five different proceedings concerning the collection of rents and funds due to the mortgagor and the receiver. The receiver diligently and satisfactorily handled the receivership. The attorney for the mortgagee has, in fact, submitted an affidavit for the information of the court stating that the receiver “ kept the building and all its rent rolls in such an excellent state as to make sale of the premises feasible at an amount which allowed the plaintiffs to discharge completely the first mortgage lien upon the premises so as to preserve harmless the maker of the original bond and mortgage and those defendants who were brought into the action because of their personal guarantee of the debt.”
There has been submitted a detailed itemization of the day-by-day services rendered by the receiver, which indicates that there were receipts of $29,472.35, disbursements of $17,543.87, leaving a balance of $11,928.48, and that 498 hours were devoted to the task, of which it is estimated that 319 hours were spent on matters requiring the services of an attorney. The receiver, who is an attorney, did not make a separate application for the employment of counsel. He explains he did not deem it necessary to do so since he and his staff could perform the legal services. He asks for commissions in the amount of $2,350.81, based on the amounts received and the amounts disbursed, and an additional allowance for performing legal services as distinguished from the administrative and ministerial duties of a receiver.
The second mortgagees have objected to the account, concentrating their opposition on the amounts sought as commissions and for attorney’s fees.
*942 With respect to commissions, the governing statute is--CPLR 8004 (subd. [a]), which provides that a receiver is entitled to Commissions ‘‘ not exceeding five- per cent upon the "sums received and disbursed by him, as-the court by which-he' is appointed allows ”. The receiver, relying on the language of the statute, asks for 5% on $29,472.35, the total received by him, plus 5% on $17,543.87, the amount of his disbursements. The two objectants claim that his method of computation is inaccurate, but they disagree between themselves as to what the formula is. ' Their contention that the receiver is seeking double payment is forensic myopia. Receiving and paying out are .'different functions, each requiring separate applications. The receiver is entitled to be paid for each phase of performing his job in accordance with the formula set forth in the statute. As and for his commissions, he is allowed the sum of $2,350.81. He is further allowed the sum of $696.16 for his expenditures and disbursements.
In his account, the receiver emphasizes that more than three fifths of his time was spent on matters requiring the services of an attorney. A receiver who is an attorney is expected to perform customary legal duties connected with his tenure. When it becomes apparent to him that the legal services required may be extensive and extraordinary, he may petition the court for leave to employ an attorney (CPLR 6401, subd. [b]). If the receiver acts as his own counsel, he does so at his own risk. He is not, however, completely foreclosed (Capone v. Matteo Realty Corp., 237 App. Div. 322; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8004.05). The order of appointment herein authorized the receiver to institute and carry on litigation. Routine matters and proceedings were complicated by the acts of attorneys now opposing his account to the extent that if he had applied for leave to .engage counsel, his application would have been granted. Accordingly, I ratify his acts as attorney for the receiver, and for his services in that respect he is allowed the sum of $1,000.
. In all other respects, the account is approved. The receiver and his surety on his undertaking are hereby discharged and the said undertaking cancelled. After making the authorized payments, the receiver is directed to deposit the balance of funds in his possession with the Treasurer of the County of Nassau, subject to the further order of this court.