## (June 12, 1978)

■ CLAUDE BOUCHARDEAU, Appellant-Respondent, v ANDRE BOUCHARDEAU, Respondent-Appellant.—In a matrimonial action in which plaintiff, *inter alia,* seeks to modify a divorce judgment and the stipulation of settlement incorporated but not merged therein, the parties cross-appeal from an order of the Supreme Court, Westchester County, entered November 21, 1977, which denied plaintiff's application and directed defendant to pay $1,000 as a counsel fee. Order reversed, without costs or disbursements, and action remanded to Special Term for a hearing in accordance herewith. On this appeal plaintiff has presented evidence which indicates that the defendant deeded the marital home to his brother after plaintiff instituted a separation action, and then had the home deeded back to him after a settlement had been agreed upon. That evidence was not presented to the hearing court and did not appear in the record. We may not consider matter outside the record presented by one party since the other party has had no opportunity to refute the new matter by other proof and a court possessed of fact-finding powers has not made a first-instance evaluation of the proof (see *Johnson v Equitable Life Assur. Soc. of U. S.,* 16 NY2d 1067). Accordingly, we have remanded the action to Special Term to evaluate the evidence in question and to determine whether the defendant's conveyance of the

marital home constituted a fraud upon the plaintiff. Further, the nature and extent of defendant's property holdings and business interests in France should be evaluated at the hearing. Additionally, there remain the unresolved questions of possession of the child's passport and whether its continued retention by the defendant is intended to deprive the mother of custody by removing the infant from this country. The question of counsel fees is to abide the hearing and determination at Special Term. Mollen, P. J., Hopkins, Titone, Shapiro and Hawkins, JJ., concur.