OPINION OF THE COURT
Alexander Chananau, J.
The receiver herein has presented an ex parte application, consented to by the attorneys for the plaintiff foreclosing mortgagee and by the surety on the receiver’s bond, for an order settling the receiver’s account, fixing her commissions and fixing a fee for her attorney. The application is granted to the extent of settling the receiver’s account as filed, fixing her commissions and discharging her and the surety.
*143 The file indicates that no order has ever been made authorizing the receiver to employ counsel and absent such an order the receiver has no authority to employ counsel (CPLR 6401, subd [b]), nor can he be paid for his services even if all parties concerned agree to an allowance for counsel fees (Marine Midland Realty Credit Corp. v Drake Evergreen Park, 91 Misc 2d 569).
Further, assuming that an order authorizing employment of counsel had in fact been made, the court would still be constrained to deny the allowance for legal fees in the amount requested.
The application herein involves a simple, informal accounting and consists of a bare recital of the proceedings herein, setting forth the receiver’s appointment, her employment of a real estate agent to manage the building and the subsequent reference to compute, the entry of judgment and the sale of the premises by the referee; a pro forma one-line schedule A listing rent collections of $99,513.46 and one-line schedule B listing expenses of $92,259.93 was attached thereto. The property was sold to the plaintiff for $1,000 amd there appears to be a deficiency of $109,804.64.
The affidavit of services by the attorney indicates that he reviewed the receiver’s records as to rentals and expenditures, prepared the papers now submitted and saw to the execution thereof, including the consents of the surety and of the attorneys for the plaintiff. The attorney estimates that he has expended approximately 40 hours to date and will be required to expend further time to prepare a further ex parte order of discharge and cancellation of the bond. The attorney claims his services are reasonably worth $1,990.27 and requests such amount to all of which the receiver agrees and the plaintiff’s attorneys consent. It just happens that the requested fee is exactly 2% of the total rentals collected by the receiver, on which she has already paid 5% to the managing agent and on which she will receive a statutory commission of 5%.
The court is unaware of any authority to fix the fee of a receiver’s attorney in the amount of 2% of the rentals collected or for any percentage thereof. On the contrary, a legal fee if allowed must be based on the reasonable value of the services necessarily rendered. However, the papers submitted do not show any need nor justification for the attorney’s review of the receiver’s records as to rentals and expenditures and the remainder of the claimed services is minimal and, *144 except for the preparation of the legal papers, consists of clerical or messenger services; the latter compensable only as reimbursable expenditures. The amount of the fee requested, to say the least, is totally unwarranted. In fact, were the receiver an attorney an application would probably not even be made for payment for the type of services rendered herein.
What is even more disturbing, however, is the apparent readiness of the receiver and of the attorneys for the plaintiff to give blanket consent to the payment of the requested attorney’s fee. The plaintiff’s attorneys would do well to realize that they represent a fiduciary and that the funds do not belong to their client but rather to its depositors, and that it is their duty to carefully examine and consider all requests for payment of bank funds, before blanket approval thereof.
In a recent decision, Securities & Exch. Comm. v Bove & Co. (451 F Supp 355, 359), which was the subject of a front page article in the New York Law Journal on June 6, 1978, Judge Milton Pollock stated that a Judge should be able to rely on the trustees for aid in assessing the necessary expenses of administration. The court then pointed out that "Only services requiring legal expertise are compensable by an award of counsel fees * * * Even if the hours devoted to non-legal matters by firm personnel were a prudent expenditure of time, they may only be reimbursed at cost.”
The receiver should also be mindful that she is a court appointee and of her responsibilities as such and that the court also looks to her for aid in assessing the necessary expenses of administration and that she does not have a blank checkbook to dispose of funds.
Finally, it should be noted that the defendants may possibly be confronted in the future with a deficiency judgment proceeding which would include court "approved” fees, all to their prejudice.
For all of the foregoing, the request for payment of counsel fees to the receiver’s attorney out of the funds remaining in her hands is denied. However, the receiver, if she deems that the services were necessary to her, may pay him out of the commissions awarded to her herein.