OPINION OF THE COURT
Albert H. Buschmann, J.
In this mortgage foreclosure action the receiver moves to authorize and direct him to retain counsel and an accountant.
A motion seeking the removal of the receiver and requesting that the receiver account and be surcharged was made on February 5, 1982. On the return date of that motion, March 18, 1982, Mr. Justice Hyman apparently directed the receiver to move for the relief sought in the instant motion which was brought on by order to show cause dated March 22, 1982. On March 26, 1982 an order was entered on the motion to remove the receiver granting it to the extent of directing the receiver to file an interim account. The accounting was filed on April 1, 1982. Inasmuch as the services of the accountant were rendered after the date of the instant order to show cause, the motion to employ the accountant is granted and its fees are fixed in the sum of $794.
The question of the counsel fees presents a different problem. A substantial portion of the services rendered by the attorney for the receiver was rendered prior to the instant order to show cause and in connection with the motion to remove and surcharge. To this extent what is sought is a ratification of the act of the receiver employing an attorney without prior authorization..
An older line of cases including Niagara Life Ins. Co. v Lincoln Mtge. Co. (175 App Div 415, 416) cited by defendant held that the court “in the exercise of a wise discretion” *473 may permit a receiver in foreclosure employing counsel without court permission to look nonetheless to the estate for reimbursement where the exigencies of the case requires the exercise of that discretion. (See, also, Capone v Matteo Realty Corp., 237 App Div 322; Fine v Clinton Realty Co., 105 Misc 318, affd 188 App Div 915; see, also, 13 Carmody-Wait 2d, Receivers, § 83:46.) These cases, however, were decided under the pre-1939 amendment to rule 180 of the Rules of Civil Practice which then provided: “No receiver shall have power to employ more than one counsel, except under special circumstances * * * and * * * only upon special application to the court * * *. No allowance shall be made to any receiver for expenses paid or incurred in violation of this rule.” Thus, the precedential weight of the above cases is unclear. The rule was changed in 1939 to provide that “No receiver shall have the power to employ counsel * * * except upon order of the court granted on a showing * * * that the employment of counsel is necessary * * *. No allowance shall be made to any receiver for expenses paid or incurred in violation of this rule.” CPLR 6401 (subd [b]) continues the first part of the post-1939 rule in a shortened version and omits the final sentence of the predecessor sections. Some courts have held that the section renders them powerless to permit such expenditures even if all the parties consent thereto. (Harlem Sav. Bank v Melzer, 95 Misc 2d 142; Gilmore v Gilmore, 52 Misc 2d 257; New York Bank for Sav. v Jamaica Towers West Assoc., 49 Misc 2d 230; Rinaud v Home Shares Corp., 115 NYS2d 425.) These cases do not appear to have involved exigent circumstances. Nor was there, as here, a motion to engage counsel.
In their treatise Weinstein, Korn and Miller pose the question whether by omitting the final sentence of the predecessor sections “a court is now permitted to ratify a receiver’s unauthorized employment of counsel and to allow the payment of legal fees.” (7A Weinstein-Korn-Miller, NY Civ Prac, par 6401.20.) Apparently, the advisory committee’s notes are silent. In Land v Esrig (43 NYS2d 623) decided in 1943 the court allowed reasonable counsel fees although no prior authorization for the employment of counsel was sought, stating (p 626): “Observance of the *474 rule, in this instance [in face of a motion to discharge a receiver without compensation], would have been a mere formality. The receiver not being a lawyer could not present opposition to plaintiff’s motion himself. He had to engage an attorney or abandon his rights.” It does not appear that the instant receiver is an attorney. Further, at least one court has ratified the receiver’s act. (See Sunrise Fed. Sav. & Loan Assn. v West Park Ave. Corp., 47 Misc 2d 940.)
This court is of the opinion that it has the power to ratify the unauthorized engagement of counsel under exigent circumstances. Such circumstances exist here. The motion is granted employing counsel. The rate of compensation and the fees for services rendered to the date of this decision will be fixed in the order to be entered hereon. The attorney for the receiver, Wallace Leinheardt, Esq., is directed upon settlement of the order to file simultaneously with the court and serve upon all parties entitled thereto a supplemental affidavit stating the work performed to date, delineating the time spent on each matter.