■ LONG ISLAND CITY SAVINGS AND LOAN ASSOCIATION et

al., Appellants, v BERTSMAN BUILDING CORP. et al., Defendants, and GLORIA N. MCARDLE, Respondent.—In a mortgage foreclosure action, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kunzeman, J.), dated November 19, 1984, as directed the respondent receiver to retain the sum of $7,247.27 as her commission and directed the plaintiff to pay to the respondent receiver an additional commission of $4,920.43 and to the respondent receiver's attorney a fee of $5,150.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

Upon application of a receiver, the court may direct the party who moved for the appointment of the receiver to pay necessary expenses and compensation which exceeds the money in the receiver's hand at the termination of the receivership (CPLR 8004 [b]). However, special circumstances must be demonstrated before this burden is imposed (see, *Litho Fund Equities v Alley Spring Apts. Corp.,* 94 AD2d 13, 16; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 8004.05). In this case, the receiver demonstrated that the money which she expended towards the upkeep of the subject premises was, for the most part, judiciously spent; these expenditures were both necessary and beneficial to the plaintiff. Therefore, the court properly exercised its discretion in ordering the plaintiff to pay additional sums to the receiver and her attorney in excess of the balance on hand (see, *Litho Fund Equities v Alley Spring Apts. Corp., supra,* at p 17).

However, on appeal, the parties dispute the accuracy of the figures contained in the receiver's account upon which Special Term relied in fixing her commission. In particular, the plaintiff alleges that the total sum received was greater than that stated in the receiver's account and, therefore, the fund remaining in the hands of the receiver exceeded the amount claimed. The receiver asserts that the moneys in question are no longer in her possession, having been turned over to the plaintiff's attorney. Because these claims were not raised at Special Term and are, therefore, dehors the record, the matter is remitted to that court for a hearing to determine the facts and, if necessary, to recompute the receiver's commission (see, *Bouchardeau v Bouchardeau,* 63 AD2d 975).

In addition, we find that the claims for legal fees submitted by the attorney for the receiver, and by a second attorney who allegedly prosecuted summary eviction proceedings on behalf

of the receiver, were undocumented and lacking in specificity. Therefore, we are unable to determine the reasonableness of either the fee awarded to the former attorney by Special Term or the disbursements made to the latter attorney by the receiver. Accordingly, on remittal, evidence should be presented upon which the court may determine the reasonableness of the sums in question and, if necessary, adjust the awards. Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.