OPINION OF THE COURT
Joseph P. McCarthy, J.
The plaintiff petitioned this court, ex parte, for an appointment of a receiver of the premises commonly known as 1163-1173 Kenmore Avenue pursuant to a provision in the mortgage.
On August 30, 1988 this court appointed Ronald C. Trabucco, who immediately embarked upon his duties by posting bond, opening a bank account, collecting rents, providing for insurance, repairing the property and making partial payment for all necessary utilities, assessments and water charges upon said premises. By his accounting of January 18, 1989 he reports total proceeds received of $6,318 and total disburse *125 ments of $4,573 leaving a present balance of $1,445. He has expended 10.25 hours in carrying out his duties as imposed by the court.
The question presented is whether this court is limited in the awarding of a fee to 5% upon the sums received (CPLR 8004 [a]; see, New York Bank for Sav. v Jamaica Towers W. Assocs., 49 Misc 2d 230, and the cases cited therein), or whether a fee of 5% of the sums received and a fee up to 5% for sums disbursed is allowable within the discretion of the court (see, Sunrise Fed. Sav. & Loan Assn. v West Park Ave. Corp., 47 Misc 2d 940; see also, Bergman, Compensating the Receiver in Foreclosure Actions, 53 NY St BJ 276 [June 1981]).
Viewing CPLR 8004 (a) and (b) in its entirety and considering the inherent power of a court to carry out that which it is authorized to order, it is this court’s conclusion based upon the particular circumstances presented that a fee of $750 be awarded to the receiver as a quantum meruit award for services rendered.
The court by this order confirms the account of the receiver and discharges him of his duties.