■ ELLI KRAIZBERG, Appellant, v JACOB FRANK et al., Doing Business as 209 WEST 102ND STREET ASSOCIATES, Defendants, and IVAN A. MICHAEL, as Receiver, Respondent.—Judgment, Supreme Court, New York County (Jawn Sandifer, J.), entered January 8, 1990, which settled the receiver's account, fixed commissions in the amount of $6,706.99, and ordered that the debts of the receiver be paid in the amount of $12,096.30, and the order of Supreme Court, New York County, entered April 17, 1990, which granted the receiver's motion for authorization to hire an attorney to represent the receiver on this appeal and directing plaintiff to pay attorney's fees and disbursements, if any, of said attorney, unanimously modified on the law and the facts, to the extent of striking those credits attributable to attorney's fees in the receiver's account, and striking that portion of the April 17, 1990 order directing the payment of attorney's fees by plaintiff, and remanding the matter for a hearing with respect to the necessity for and reasonableness of said attorney fees, and as so modified, the

order and judgment are otherwise affirmed. Order of the same court, entered on or about December 20, 1989, which ratified the acts of the receiver in hiring outside counsel, unanimously affirmed. The appeals from the orders of the same court, entered November 2, 1989 and December 11, 1989, respectively, which, *inter alia,* granted the cross-motion of the receiver for an order settling the account of said receiver, fixing commissions, debts, and discharging the receiver and the surety on the undertaking, and which granted the receiver's motion to judicially settle the receiver's account are dismissed, as having been superseded by the judgment entered on January 8, 1990, all without costs.

In this proceeding to foreclose a mortgage, a temporary receiver was appointed with the authority to collect rents and otherwise manage the property. The original receiver died, and was replaced with the present respondent. Thereafter, the parties executed a quitclaim deed dated May 2, 1989, and on the basis of the delivery of such deed, plaintiff moved to remove respondent as receiver, and for an accounting and related relief. Respondent-receiver cross-moved for an order judicially settling the account of the receiver, fixing his commissions, ordering the payment of debts, and discharging the receiver and the surety on its undertaking. Upon the orders granting respondent's cross-motion and denying plaintiff's motion, judgment was entered settling the receiver's account and discharging the receiver and the surety on its bond. An additional order was entered ratifying the receiver's actions in hiring attorneys during the receivership. Plaintiff appealed, and another order was entered authorizing respondent to hire appellate counsel and ordering plaintiff to pay any fees arising therefrom.

With respect to plaintiff's claim that the receiver was not entitled to commissions, and should be charged with expenses incurred beyond the passage of title on or about May 2, 1989, assuming arguendo that the action was terminated for all intents and purposes when the parties delivered a deed in lieu of foreclosure, the appointing instrument in this case specifically contemplates that the receiver's duties would continue beyond the date of any judgment, and the passage of title in such event would not, in and of itself, foreclose the receiver's authority to act.

Plaintiff's allegations of error with respect to the excessiveness of fees paid to managing agents and supervisors are unsupported and the IAS court was well within its authority to ratify the hiring of attorneys by the receiver in circum-

stances which the IAS court determined were "pregnant" with unusual circumstances. *(See, Emigrant Sav. Bank v Elan Mgt. Corp.,* 114 Misc 2d 472, 474; *Sunrise Fed. Sav. & Loan Assn. v West Park Ave. Corp.,* 47 Misc 2d 940.)

There is merit, however, to plaintiff's contention that the IAS court abused its discretion in settling the receiver's account and in ordering plaintiff to pay attorney's fees for this appeal, without first determining the necessity and reasonableness of such fees. *(See, Long Is. City Sav. & Loan Assn. v Bertsman Bldg. Corp.,* 123 AD2d 840, 842; *Matter of Ronan Paint Corp.,* 98 AD2d 413, 419; *Harlem Sav. Bank v Melzer,* 95 Misc 2d 142.) Accordingly, the matter is remanded for a hearing with respect to such issues. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.