In the Matter of UNITED HEALTH SERVICES INC., Respondent-Appellant, v MARIO M. CUOMO, as Governor of the State of New York, et al., Appellants-Respondents.

Third Department, June 4, 1992

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (John McConnell* and *Peter H. Schiff* of counsel), for Mario M. Cuomo and others, appellants-respondents.

*Whiteman, Osterman & Hanna (James W. Lytle* of counsel), for NY-Penn Health Systems Agency Inc., appellant-respondent.

*Hinman, Howard & Kattell (Paul T. Sheppard* of counsel), for respondent-appellant.

**OPINION OF THE COURT**

YESAWICH JR., J.

This appeal brings up for review the validity of a "memorandum of understanding" entered into by New York and Pennsylvania effective March 1, 1990 (hereinafter the March

1990 memorandum) which, *inter alia,* designated the New York counties of Broome, Chenango and Tioga and the Pennsylvania counties of Bradford, Sullivan and Susquehanna (hereinafter the six-county region) as the "NY-Penn bi-state regional health planning area". Petitioner is a corporation authorized by Public Health Law article 28 to operate hospital facilities in Broome and Tioga Counties. Petitioner commenced this CPLR article 78 proceeding and declaratory judgment action seeking, *inter alia,* to have the March 1990 memorandum declared void, to enjoin respondent Governor of New York, respondent New York Department of Health and other State respondents (hereinafter collectively referred to as the State respondents) from designating such a bi-State health service area, and to enjoin respondent NY-Penn Health Systems Agency Inc. (hereinafter NY-Penn), established in 1968 under the name NY-Penn Health Planning Council Inc. as the planning council having jurisdiction over the six-county region, from acting as a health systems agency for that region.

Issue was joined by NY-Penn and the State respondents. NY-Penn moved to dismiss the petition pursuant to CPLR 3211 and 7804 or, alternatively, pursuant to CPLR 3212 for a declaration in its favor on petitioner's first five causes of action. Petitioner in turn cross-moved for summary judgment. The State respondents and NY-Penn appeal Supreme Court's judgment—reflected in decretal paragraphs 1, 2, 3 and 10, respectively—which declared the March 1990 memorandum an invalid bi-State planning agreement because it does not comply with the requirements of Public Health Law § 2904 (former [c]),[1] enjoined the State respondents from dealing with NY-Penn until a valid bi-State planning agreement is entered into, enjoined NY-Penn from acting as a health systems agency for the six-county region until a valid bi-State agreement is entered into, and denied NY-Penn's motion to dismiss the petition pursuant to CPLR 3211 and 7804. Petitioner cross-appeals, as limited by its brief, from Supreme Court's dismissal of its claim for annulment of the Department of Health's declaratory ruling, issued in response to petitioner's

---

1. Specifically, Supreme Court in its March 1, 1991 decision found that the March 1990 memorandum did not meet the requirements of Public Health Law § 2904 (former [c]) "in that it fails to set forth any standards for equitable representation of board membership from each state, was not signed by the governors of each state and does not include comparable policies and procedures to be implemented by the bi-state health systems agency".

request for a departmental ruling on the subject, that a bi-State planning agreement is an agreement between States and not a rule within the meaning of State Administrative Procedure Act § 102 and therefore need not be published in the New York State Register before it is signed.

■ As set forth in their briefs, the State respondents and NY-Penn now request that their appeal be dismissed because the arguments upon which it relied have since been rendered moot by the passage of the Laws of 1991 (ch 510)[2] and by the execution of a new memorandum of understanding between New York and Pennsylvania dated October 15, 1991 (hereinafter the October 1991 memorandum). There is substantial discussion by the parties regarding whether this court may consider the October 1991 memorandum inasmuch as it is dehors the record. This memorandum, which is made retroactive to March 1, 1990, appears not in the record but as an addendum to the State respondents' brief *(see, Gintell v Coleman,* 136 AD2d 515, 517; *Broida v Bancroft,* 103 AD2d 88, 93). Yet, even were we to take judicial notice of this memorandum's existence as urged by respondents *(see, Brandes Meat Corp. v Cromer,* 146 AD2d 666, 667; *Rex Paving Corp. v White,* 139 AD2d 176, 183, n 2), given that Supreme Court's judgment grants injunctive relief "until a *valid* bi-State planning agreement is entered into by and between * * * New York and * * * Pennsylvania pursuant to and in accordance with Public Health Law § 2904 (c)", whether this memorandum satisfies that condition is an assessment the parties all agree should be made in the first instance by Supreme Court and not at the appellate level *(see, Bouchardeau v Bouchardeau,* 63 AD2d 975). Although respondents concede that the issue of validity of the October 1991 memorandum is not before us, their mootness argument asks us to assume its validity. In view of the manner in which the injunctive relief was fashioned, the validity issue is very much alive and NY-Penn's claim that petitioner bears the burden of commencing a separate action to challenge the efficacy of the October 1991 memorandum—an action which presumably is now barred by the four-month Statute of Limitations—is unavailing.

■ Petitioner's contention in its cross appeal that the making or establishment of a valid bi-State agreement is a rule

2. The Laws of 1991 (ch 510), effective July 19, 1991, amended Public Health Law § 2904 (c) to provide that a bi-State planning agreement "shall be signed by the governor of each state or their designee or the state's commissioner or secretary of health or their designee".

within the meaning of State Administrative Procedure Act § 102 (2), and therefore must be filed with the Secretary of State, is without merit. As defined by State Administrative Procedure Act § 102 (2) (a) (i), rule "means * * * the whole or part of each agency statement, regulation or code of general applicability that implements or applies law, or prescribes a fee charged by or paid to any agency or the procedure or practice requirements of any agency". The Governor and "agencies created by interstate compact" are, however, expressly excluded from the definition of "agency" (see, State Administrative Procedure Act § 102 [1]). As the Governor is not an agency, a bi-State planning agreement negotiated by or under the auspices of the Governor pursuant to Public Health Law § 2904 (c) cannot be an agency statement, in whole or in part. Inasmuch as a bi-State agreement is not an agency statement or a regulation or code of general applicability, such an agreement is not a "rule". Moreover, the legislative intent underlying adoption of the State Administrative Procedure Act indicates that it was enacted to address inconsistencies and lack of uniformity in administrative rulemaking, adjudicatory and licensing processes among the agencies of State government (see, State Administrative Procedure Act § 100). There is no indication in the declaration of legislative intent that the State Administrative Procedure Act was also meant to apply to the making of agreements between New York and other states.

WEISS, P. J., CREW III, CASEY and HARVEY, JJ., concur.

Ordered that the judgment is affirmed, without costs.