**FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff,**

v.

**S.E.A. YONKERS ASSOCIATES, Defendant.**

**No. 94 Civ. 2332 (VLB).**

United States District Court,
S.D. New York.

Nov. 9, 1994.

David P. Stitch, Brown Raysman & Millstein, New York City, for plaintiff.

Frederic M. Lehrman, Lehrman & Kronick, White Plains, NY, for defendant.

James J. Sullivan, Bleakley Platt & Schmidt, White Plains, NY, for receiver.

*MEMORANDUM ORDER*

VINCENT L. BRODERICK, District Judge.

I

This case presents the question of the commission a receiver and managing agent may collect as compensation for their services in connection with a mortgage foreclosure. The receiver moved for: confirmation of the receiver's final accounting, discharge of the receiver himself, discharge of the surety and cancellation of the receiver's undertaking.

I grant the receiver's motion for all the above.

## II

The relevant facts are undisputed. James J. Sullivan was appointed receiver of 175–177 Waverly Street by an order dated April 20, 1994. The receiver appointed Hog Hill Management Corp. ("Hog Hill") as managing agent of the same property. The receiver was in control of the property until June 2, 1994 when the Federal Home Loan Mortgage Corporation (FHLMC) acquired title at the foreclosure sale.

During this period, April 20, 1994 through June 2, 1994, the receiver collected $4,566.00 in rents and $2,442.86 as a security deposit.

The receiver asserts that during this period, April 20, 1994 through June 2, 1994, he and Hog Hill expended a great deal of time in caring for and repairing the property. The receiver asserts that when he took possession of the property there were multiple building code, fire code, and sanitation code violations with which he and the managing agent had to deal. As a result of these violations, monthly rent subsidy payments were withheld and many tenants refused to make their monthly rent payments.

The receiver has submitted a detailed listing of the time expended by both himself and the managing agent in connection with fixing the violations. There is no evidence of nor does the FHLMC assert that these time periods are inflated. Among services listed by the receiver were numerous phone calls with Hog Hill and various Yonkers agencies relating to the condition of the building and the withholding of rent subsidies. Among services listed by the managing agent were several visits to the building site along with meetings with those persons hired to repair the building including the electrician, plumber, roofer, and exterminator.

The receiver requests compensation of $4,233.17 and that the managing agent receive $4,927.88.

## III

The plaintiff mortgagee (the FHLMC), argues that under N.Y. CPLR 8004(a) the receiver may ordinarily collect a commission of only five (5) percent of rents received. Plaintiff further contends that the compensation sought by the managing agent is excessive.

■ The receiver points out that although § 8004(a) sets a maximum commission for receivers, additional amounts may be awarded representing the reasonable value of services rendered under the doctrine of quantum meruit if the statutory amount would be "manifestly unfair." *American Savings Bank v. Saleski Development Inc.*, 812 F.Supp. 28, 32 (S.D.N.Y.1993). See *Klemczyk v. Levin*, 543 N.Y.S.2d 609, 144 Misc.2d 124 (Erie Co.Ct.1989).

■ Under § 8004(a) the receiver here would be entitled to only $228.305, five (5) percent of $4,566.00, for approximately 18 hours of work performed. Where, as here, the receiver expended a great deal of time and many rent payments were withheld during the receivership period due to building code violations, the statutory five (5) percent compensation would be "manifestly unfair."

In place of the smaller statutory five (5) percent, the receiver shall be compensated for the reasonable value of the services performed in the amount of $4,233.17.

■ There is no statutory standard for the compensation of the managing agent. The list submitted detailing the services performed by Hog Hill was sufficiently detailed to justify the compensation it requests. Upon reviewing the list of services performed by Hog Hill I find the reasonable value of the services performed to be $4,927.88.

## IV

■ If any rents temporarily withheld during the receivership period due to alleged violations of local law are received the FHLMC should also give priority to using the remainder of such rents attributable to the receivership period to repair the condition of the building. Repairs vital to the safety and preservation of a building are a priority use of available funds produced by the property. *FDIC v. Kisosoh Realty*

*Corp.*, 1992 WL 178600 at 5, 1992 U.S.Dist. LEXIS 10966 at 13 (S.D.N.Y.1992) (Leisure, J.); *Federal Home Loan Mortgage Corp. v. Spark Tarrytown*, 829 F.Supp. 82, 86–88 (S.D.N.Y.1993).

The clerk is directed to close this case.

**SO ORDERED.**