■ Sun Beam Enterprises, Inc., Plaintiff, v Liza Realty Corp. et al., Defendants. East New York Savings Bank, Appellant, v Joseph P. Walsh, as Temporary Receiver, Respondent. [621 NYS2d 9] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered March 10, 1994, which, *inter alia,* granted the motion by the temporary receiver seeking to confirm his account and to fix the commissions of the receiver at $2,739.73 (5% of gross receipts of $54,794.65), and to direct the plaintiff's assignor, East New York Savings Bank ("East New York"), to pay the temporary receiver the amount of his commissions and the amount of the deficit existing in the receivership account, in the sum of $46,752.45, which included fees and disbursements of $26,089.35 of Schnader, Harrison, Segal & Lewis, the law firm appointed to represent the receiver, plus the amount of the tenants' security deposits, unanimously affirmed, without costs.

Order of the same court and Justice, entered on or about July 7, 1994, which granted the motion by East New York for reargument and clarification of the court's prior order only to the extent of providing that the deficit in the receiver's account shall be paid by East New York, the entity which sought the appointment of the receiver, pursuant to CPLR 8004 (b), and which otherwise adhered to the court's prior determination, unanimously affirmed, without costs.

The IAS Court properly determined that the temporary receiver appointed by the court for the rents and profits of the subject premises in the underlying mortgage foreclosure action was authorized to retain counsel and was entitled to recover attorneys' fees and costs the receiver incurred as a result of such retention and in connection with his receivership of the property because three court orders, including a so-ordered stipulation, expressly authorized and ratified the receiver's retention of outside counsel for all reasonable purposes in connection with the receivership, and where the facts, including extensive motion practice concerning violations and disrepair of the subject property, established that counsel's services were warranted *(see, Kraizberg v Frank,* 170 AD2d 306, 307-308, citing *Emigrant Sav. Bank v Elan Mgt. Corp.,*

114 Misc 2d 472, 474; *Sunrise Fed. Sav. & Loan Assn. v West Park Ave. Corp.*, 47 Misc 2d 940; CPLR 6401 [b]).

.Nor did the IAS Court err in finding that "special circumstances" existed warranting the recovery by the temporary receiver of the full amount of the deficit in the receiver's account from the plaintiff's assignor, East New York, for whose benefit the temporary receiver was appointed, since the proof submitted by the receiver established that the receivership was conducted with the utmost concern for the physical and economic preservation of the property and that the money expended was "judiciously spent" and was necessary for its preservation *(Long Is. City Sav. & Loan Assn. v Bertsman Bldg. Corp.*, 123 AD2d 840, 841; *see, Amusement Distribs. v Oz Forum*, 113 AD2d 855; CPLR 8004 [b]).

In finding that "special circumstances" existed warranting East New York's payment to the receiver of the amount of the deficit in the receiver's account, the IAS Court expressly noted that it had examined the itemized breakdown of services performed and time expended by the law firm retained by the receiver and found the amount sought to be reasonable, and that the money expended for legal fees and the upkeep of the subject premises, which was in a "dilapidated condition" with numerous violations, and which required "extensive emergency repairs", were both necessary and beneficial to appellant *(Long Is. City Sav. & Loan Assn. v Bertsman Bldg. Corp., supra*, at 841; *Precision Dynamics Corp. v 601 W. 26 Corp.*, 51 AD2d 907). Concur—Ellerin, J. P., Ross, Rubin, Nardelli and Williams, JJ.