■ CORONET CAPITAL COMPANY, Plaintiff, v ROSALIND T. SPODEK, Doing Business as COLLEGE PROPERTIES, et al., Respondents-Appellants, et al., Defendants. LAURENCE J. GOLD, Nonparty Appellant-Respondent. [720 NYS2d 158] —In an action, *inter alia,* to foreclose a mortgage, the temporary receiver Lau-

rence J. Gold appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated March 9, 1999, and the defendants Rosalind T. Spodek and J. Leonard Spodek cross-appeal from so much of the same order as (a) denied their motion to vacate so much of a prior order of the court, dated September 17, 1991, as settled and approved an accounting and discharged Gold as temporary receiver, and, upon such vacatur, to direct an accounting of security deposits, and (b) awarded an attorney's fee and disbursements to counsel for the temporary receiver.

Ordered that the appeal by Laurence J. Gold is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, without costs or disbursements, the motion is granted, so much of the order dated September 17, 1991, as settled and approved the accounting and discharged Laurence J. Gold as the temporary receiver is vacated, and, upon vacatur, an accounting of security deposits is directed, and the matter is remitted to the Supreme Court, Kings County, for a hearing on that issue in accordance herewith, as well as the issues of the temporary receiver's request for an attorney's fee and disbursements.

The cross-appellants, Rosalind T. Spodek and J. Leonard Spodek, are the former owners of two buildings sold in foreclosure. The sales generated surplus money. Laurence J. Gold was the temporary receiver appointed to manage the buildings until they were sold. By order dated September 17, 1991, entered after the foreclosure sale, the Supreme Court, *inter alia*, approved Gold's final accounting and discharged him from further service. The cross-appellants thereafter moved to vacate those provisions of the order and to compel Gold to account for various funds, including over $40,000 in security deposits collected during his tenure. Gold opposed the motion and cross-moved for an award of an attorney's fee for the period from March 1994 until April 30, 1998. Gold argued that the security deposits he collected during his tenure were paid to the successful purchasers at foreclosure at the time of the closing. The cross-appellants countered that this contention was without evidentiary support in the record and contradicted the apparent import of two prior orders which indicated that the security deposits would be credited to the purchasers at the closing, not paid over to them. In the order appealed from, the Supreme Court, *inter alia*, denied the cross-appellants' requested accounting and awarded Gold the attorney's fee and disbursements. We reverse and remit the matter for further proceedings in accordance herewith.

A receiver is a fiduciary and an officer of the court who acts at its direction and on its behalf (*see, Insurance Co. v City of New York,* 71 NY2d 983; *Copeland v Salomon,* 56 NY2d 222; *see also, Matter of Kane,* 75 NY2d 511). Here, Gold's accounting of the subject security deposits is not supported by the record and appears to be in contradiction of the two orders. Indeed, in opposition to a subsequent motion by the cross-appellants to reargue the court's determination, Gold proffered another, inconsistent explanation as to what occurred with the security deposits (*see, Coronet Capital Co. v Spodek,* 279 AD2d 602 [decided herewith]). Consequently, the Supreme Court erred in denying the cross-appellants' motion to vacate Gold's discharge and to compel him to account for the security deposits (*see, Columbus Realty Inv. Corp. v G & S Winding Rd.,* 257 AD2d 592; *149 Clinton Ave. N. v Grassi,* 51 AD2d 502). We note that at the oral argument of this appeal, Gold's attorney consented to a hearing in connection with such an accounting.

The Supreme Court improvidently exercised its discretion in awarding Gold an attorney's fee and disbursements without further inquiry into the necessity and reasonableness of those awards (*see, Sun Beam Enters. v Liza Realty Corp.,* 210 AD2d 153; *Kraizberg v Frank,* 170 AD2d 306; *Long Is. City Sav. & Loan Assn. v Bertsman Bldg. Corp.,* 123 AD2d 840; *see generally, Bankers Fed. Sav. Bank v Off W. Broadway Developers,* 224 AD2d 376). Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.