■ THERESA FLOTTERON et al., Appellants, v JEL REALTY et al., Appellants. HARRISON J. SNELL, Nonparty Respondent. [871 NYS2d 706]—

In an action, inter alia, to dissolve certain partnerships, the plaintiffs and the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated April 3, 2008, as granted that branch of the motion of the permanent receiver, nonparty Harrison J. Snell, which was to fix the compensation to be paid to him to the extent of awarding him a commission in the sum of $59,230.

Ordered that the order is affirmed insofar as appealed from, with costs.

Upon application of a receiver, the court may direct the parties who sought that appointment to pay necessary expenses and compensation which exceeds the money in the receiver's hands upon termination of the receivership (*see generally* CPLR 8004 [b]). Here, after the Supreme Court disbursed the remaining funds in the receiver's account to the property manager, it discharged the receiver. Under the circumstances presented, the Supreme Court providently exercised its discretion in determining that special circumstances existed warranting a recovery in excess of five percent of the amount collected by the receiver in rents (*see Sun Beam Enters. v Liza Realty Corp.,* 210 AD2d 153

[1994]; *Litho Fund Equities v Alley Spring Apts. Corp.*, 94 AD2d 13, 16 [1983]; *see also Commodity Futures Trading Commn. v Korbean Intl. Inv. Corp.*, 1998 WL 770516, 1998 US Dist LEXIS 17206 [SD NY 1998]; *Resolution Trust Corp. v Volpe*, 912 F Supp 65, 67 [1996]; *American Sav. Bank v Saleski Dev., Inc.*, 812 F Supp 28, 32 [1993]; *Federal Home Loan Mtge. Corp. v S.E.A. Yonkers Assoc.*, 869 F Supp 187, 188 [1994]). Thus, the court properly fixed the receiver's compensation "in accordance with the respective services [he] rendered" (CPLR 8004 [b]).

The appellants' remaining contentions are without merit. Skelos, J.P., Santucci, McCarthy and Dickerson, JJ., concur.