■ PONDVIEW CORP. et al., Appellants, et al., Plaintiff, v RUSSAND, INC., Defendant, and TAPPAN ZEE SENIOR MANAGEMENT CORP. et al., Respondents. [19 NYS3d 295]—

In an action, inter alia, for ejectment, the plaintiffs Pondview Corp. and Parkfield Properties appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated October 9, 2012, as granted that branch of the motion of the defendants Tappan Zee Senior Management Corp. and Andrew Blatt which was to confirm so much of the report of a referee, dated October 19, 2011, as recommended that Pondview Corp. and Parkfield Properties pay an operating deficit incurred while an assisted living facil-

ity on the subject property was under receivership and return certain personal property belonging to Tappan Zee Senior Management Corp. and Andrew Blatt, and (2) from so much of a supplemental order and judgment (one paper) of the same court dated December 2, 2013, as confirmed those portions of the referee's report and directed Pondview Corp. and Parkfield Properties to pay the operating deficit and return the subject personal property.

Ordered that the appeal from the order dated October 9, 2012, is dismissed, as the order was superseded by the supplemental order and judgment dated December 2, 2013; and it is further,

Ordered that the supplemental order and judgment dated December 2, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Tappan Zee Senior Management Corp. and Andrew Blatt.

In this action, inter alia, for ejectment, the central issue on this appeal is whether the Supreme Court properly confirmed so much of a referee's report as recommended that the appellants, the owners of the subject property, pay an operating deficit incurred while an assisted living facility located on the subject property was under receivership. The appellants contend that the court erroneously applied CPLR 8004 (b), instead of Social Services Law § 461-f, and so directed them to pay the deficit. The respondents argue that the court properly applied CPLR 8004 (b) and directed the appellants to pay the deficit as the appellants had sought the appointment of the receiver pursuant to CPLR 6401. We affirm insofar as appealed from.

The Supreme Court properly applied CPLR 8004 (b) and directed the appellants to pay the operating deficit (*see generally* CPLR 6401; 8004 [b]; *Long Is. City Sav. & Loan Assn. v Bertsman Bldg. Corp.*, 123 AD2d 840 [1986]; *Litho Fund Equities v Alley Spring Apts. Corp.*, 94 AD2d 13, 16 [1983]; *see also Bankers Fed. Sav. Bank v Off W. Broadway Devs.*, 224 AD2d 376, 379 [1996]). Where, as here, special circumstances are demonstrated, the court may direct the party who moved for the appointment of a receiver to pay necessary expenses and compensation which exceeds the money in the receiver's hands at the termination of the receivership (*see* CPLR 8004 [b]; *Long Is. City Sav. & Loan Assn. v Bertsman Bldg. Corp.*, 123 AD2d at 840; *Litho Fund Equities v Alley Spring Apts. Corp.*, 94 AD2d at 16). Here, the receiver demonstrated that the money it expended was necessary and beneficial to the appellants,

who had sought the receiver's appointment pursuant to CPLR 6401.

The parties' remaining contentions are without merit or need not be reached in light of our determination. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.