DOROTHY PATTERSON JUDAH, Respondent, v. COLD STREAM GOLF CLUB CORPORATION and Others, Defendants, Impleaded with COLD STREAM COUNTRY CLUB, INC., Appellant.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. We are of opinion that, upon the proof adduced, the lease of a part of the premises under foreclosure in this action, made by the receiver to the appellant, Cold Stream Country Club, Inc., was authorized under the order appointing the receiver, made upon the application of the mortgagee, the plaintiff, respondent, one month prior to the entry of the judgment of foreclosure. The lease was not improvident, for the reason that the appellant had been in possession of the land leased to it for some years, holding under the former owner of the fee, and, in so far as the record

discloses, was the only available tenant. The income under the receiver's lease helped materially to pay the carrying charges of the leased property. The defendant, appellant, entered upon the lease in good faith, and upon the proof the receiver was justified in determining that said lease was both " necessary " and " expedient " under the order. The subsequent sale of the property pursuant to the judgment on the eleventh day of August is an immaterial incident, as the plaintiff knew or should have known at the time that the order was entered, one month prior to the entry of judgment, that a sale was imminent. Further, the proof is that, except for one common officer, the original owner of the land under foreclosure, there is no connection between the appellant and the defendant corporation, the owner of the equity of redemption at the time this action was started. The appellant, therefore, is not responsible for the notoriety acquired as the result of the discovery of illicit stills by agents of the United States government upon that part of the mortgaged lands which was not occupied or under lease to it. The acts of the receiver, an officer of the court acting under an order of the court, should not be nullified except for grave and sufficient reason. We do not find such reason in this record. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.