EAST CHATHAM CORP., Appellant, *v.* ROSE IACOVONE et al., Defendants. AARON I. SCHWARTZ, Receiver, Respondent.

First Department, December 6, 1966.

*Samuel Kirschenbaum* of counsel (*Dreyer & Traub,* attorneys), for appellant.

*Nathan Hirschberg* of counsel (*McAloon & Hirschberg,* attorneys), for respondent.

*Per Curiam.* In this foreclosure action an ex parte order was made April 22, 1964 on the application of the then plaintiff Manhattan Savings Bank appointing a Receiver *pendente lite* of the premises under foreclosure and authorizing him "to employ an agent, if he shall deem it proper, to rent and manage the mortgaged premises". On February 11, 1965 Manhattan Savings Bank assigned its senior interest in the consolidated mortgage under foreclosure to East Chatham Corp. Thereupon on March 29, 1965 an order was made substituting East Chatham Corp. as plaintiff in place of Manhattan Savings Bank. The receivership was terminated and the Receiver directed to settle his account by order entered April 14, 1965. The Receiver's account and objections thereto were referred to a Referee to hear and report. The order appealed from confirms the Referee's report. Appellant objects to the report insofar as it pertains to the allowances and disbursements for services of the Receiver, his attorneys, accountant and managing agent.

In his account the Receiver charges himself with receipts of $680,875.81 and payments of $658,546.64. The Receiver has paid his managing agent $34,022.90 and his accountant $13,612.50. The Receiver requested the sum of $34,043.80 as the reasonable value of his services. The Receiver's counsel requested $25,000. The order appealed from confirms the Referee's report approving the Receiver's account and recommending Receiver's commissions of $25,532.84, a fee of $10,000 for the counsel to the Receiver, and the allowance of $13,612.50 to the Receiver's accountant. We find the allowance to the Receiver to be reasonable and affirm same.

However, it was incumbent on the Receiver to establish the employment of the managing agent was necessary. (*Kitt* v. *D. M. V. Estates,* 7 A D 2d 291; *Pfeifer* v. *1770 West Sixth St. Corp.,* 234 App. Div. 777; *Niagara Life Ins. Co.* v. *Lincoln Mtge. Co.,* 175 App. Div. 415.) This he has failed to do. The premises involved consist of a hotel staffed with a manager, who was paid $22,000 per year, clerical and maintenance help. The employment of the managing agent with no prior hotel experience who only gave cursory supervision to certain activities of the manager and the staff was improvident and unnecessary.

A Receiver is required to render services in order to earn his commissions. If the services are performed by others without a showing of justification therefor, the Receiver may not be reimbursed. (*Niagara Life Ins. Co.* v. *Lincoln Mtge. Co., supra,* p. 416.) This plaintiff who had no knowledge of the alleged oral consent of the attorney for the former plaintiff to the appointment of the managing agent is not precluded from objecting to the account insofar as it includes a disbursement for the services of the managing agent. It is the Receiver's burden to justify his account. This he has failed to do. Appellant did not consent to the retention of the managing agent and is not estopped from relying on the Receiver's failure to justify his claim for reimbursement. (Cf. *Kitt* v. *D. M. V. Estates, supra,* p. 292.)

The services of the attorneys and the accountant for the Receiver include services which in the case of the attorneys should have been performed by the Receiver, and in the case of the accountant, who had no prior hotel experience, duplicated services of the hotel's clerical staff. We deem excessive the amounts beyond those hereafter provided for the attorneys and for accounting services.

The order and judgment should be modified, on the law and on the facts, to the extent of reducing the allowance of the attorneys for the Receiver to $5,000, disallowing the disbursements for the services of the accountant for the Receiver in excess of $5,000, disallowing the fees of the managing agent retained by the Receiver, and surcharging the Receiver accordingly, and, as so modified, affirmed, without costs or disbursements.

Capozzoli, J. (dissenting in part). I dissent in part and vote to allow the managing agent, whose appointment was consented to by the attorney for the former plaintiff, a fee of $5,000.

Botein, P. J., McNally, Steuer and Bastow, JJ., concur in *Per Curiam* opinion; Capozzoli, J., dissents in part in Memorandum.

Order, entered on June 3, 1966, and entered as a judgment on June 13, 1966, modified, on the law and on the facts, to the extent of reducing the allowance of the attorneys for the Receiver to $5,000, disallowing the disbursements for the services of the accountant for the Receiver in excess of $5,000, disallowing the fees of the managing agent retained by the Receiver, and surcharging the Receiver accordingly, and, as so modified, affirmed, without costs or disbursements.