THOMAS KOZLOVSKY, Appellant, et al., Plaintiff, v KEROIL, INCORPORATED, et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiff Thomas Kozlovsky appeals, on the ground of inadequacy, from a judgment of the Supreme Court, New York County, entered November 10, 1975, which is in his favor and against defendants in the amount of $15,000, upon a jury verdict. (The action was transferred for trial from Kings County to New York County and the appeal was transferred to this court by an order of the Appellate Division, First Department, dated March 1, 1976.) Judgment affirmed, without costs or disbursements. The evident resolution by the jury of the conflict in the medical testimony as to whether appellant had suffered a herniated disc is not against the weight of the evidence. The verdict is thus not so inadequate as to be shocking to the conscience. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

JOSEPH LENTINE et al., Appellants, v SALVATORE FUNDARO, Defendant, and JEROME PARKER et al., Respondents.—Appeal by plaintiffs, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated January 5, 1973, as, *inter alia,* fixed the fees awarded to the Referee, the receiver and the attorney for the receiver. Order modified, on the facts, by (1) reducing (a) the counsel fee awarded in the seventh decretal paragraph thereof to $4,000, and the net sum directed to be paid therein to $3,000 and (b) the amounts of $3,776.50 and $3,025.50 in the eighth decretal paragraph thereof to $1,750 and $1,000, respectively, and (2) deleting (a) the third decretal paragraph thereof and substituting therefor a provision fixing the fee awarded to the receiver at $8,500 and (b) the fifth decretal paragraph thereof and substituting therefor a provision fixing the fee awarded to the managing agent at $14,000 and (c) the sixth decretal paragraph thereof. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and action remitted to Special Term to recompute the sum remaining in the hands of the Referee and the distribution thereof, and for entry of an appropriate amended order. In our opinion the amounts awarded by Special Term were excessive to the extent indicated herein. We note that a receiver is required to render services in order to earn his commissions and, if the services are performed by others, the receiver's commissions should be reduced (see *East Chatham Corp. v Iacovone,* 26 AD2d 433, mot to dismiss app granted 19 NY2d 687). In addition, an examination of the itemized list submitted by the attorney for the receiver to substantiate his claim that he performed 400 hours of legal work, reveals that many hours were devoted to telephone calls and letter writing—tasks which, in most instances, could and ought to have been performed by the receiver himself. Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Hawkins, JJ., concur.