■ HAROLD STROBER et al., Plaintiffs, v WARREN PROPERTY COMPANY et al., Defendants, and SAM HOFFMAN et al., Appellants. HERMAN S. GEIST et al., Respondents. — In an action for an accounting of partnership assets, the defendants Lee Hoffman, Nancy Hoffman, 30 Warren Place Corp. and Sam Hoffman appeal, as limited by their motion (see 22 NYCRR 670.31), from an order of the Supreme Court, Westchester County (Walsh, J.), dated August 18, 1980, which settled the account of the temporary Receiver, Herman S. Geist, except insofar as the order awarded a fee to the Referee. Order reversed insofar as appealed from, with $20 costs and disbursements, and matter remitted to Special Term for further proceedings in accordance herewith. This is an action for a partnership accounting. The partnership's chief asset was a building with

two tenants. The rent from one tenant was paid directly to the bank to satisfy regular mortgage payments. The respondent Herman S. Geist was appointed Receiver to, *inter alia,* collect the rent from the other tenant. Several of the partners have appealed from the order settling the account of the Receiver, raising four points. *First,* appellants contend that the Receiver is not entitled to commissions on moneys collected by him after final judgment in the accounting action. The original appointing order provided that the Receiver should "continue to manage and control [the] property until further order of [the] Court." CPLR 6401 (subd [c]) states that "[a] temporary receivership shall not continue after final judgment unless otherwise directed by the court." The purpose of this section is to grant power to the court to permit the receivership to continue after final judgment either by direction in the original appointing order or in a subsequent order (see Third Preliminary Report of the Advisory Committee on Practice and Procedure [1959], pp 373-374; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6401.22; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C6401:5, p 408). It is our view that under the terms of the original appointing order in this case, the receivership was to continue until the court specifically ordered that it terminate. Since no decretal paragraph in the final judgment terminated the receivership, it continued subsequent to the entry thereof and the Receiver is entitled to commissions on moneys collected by him thereafter. *Second,* appellants contend that the Receiver negligently performed his duties in failing to collect the amount of an increase in rent under a lease modification agreement which became effective during the course of the receivership, and accordingly they seek a reduction in his commissions for his neglect. Upon remittal, Special Term should determine the amount, if any, which the Receiver improperly failed to collect and should thereupon determine the amount the respondent Geist would have earned as commissions thereon had they been properly collected. If the cost to appellants to collect the unpaid rents exceeds the commissions which respondent Geist would otherwise have earned, the court should reduce the commissions he actually earned by the amount of the excess. If, however, appellants were not damaged by his failure to collect the rent increases, said respondent's earned commissions should not be reduced. *Third,* it is alleged that the Receiver failed to deposit rent moneys collected by him in an interest bearing bank account to the damage of the appellants. At one time it was the view that a Receiver could not be held personally liable for his failure to invest funds in his possession at interest because those funds were liable to be distributed at any time by order of the court and banks would only pay interest upon moneys deposited for a certain term. Thus, in the past, an ordinarily prudent Receiver would hold the funds in a noninterest bearing account so that they would be immediately available for distribution by order of the court (see *First Nat. Bank of Champlain v Wood,* 30 Misc 278, 279). If, however, the litigants wished to have moneys collected by the Receiver invested at interest they might secure an order of the court to that effect *(First Nat. Bank of Champlain v Wood, supra).* The rationale of the *First National Bank* case, which was decided in 1900, no longer applies today in light of the ready availability of day-to-day interest bearing bank accounts. Accordingly, upon remittal, Special Term should determine whether under all the facts of this case the respondent Geist, in the prudent exercise of his duties as Receiver, should have deposited the moneys collected in an interest bearing account, and if so, to what extent appellants have been damaged thereby. In the event that damage is proven, said respondent's earned commissions should be reduced by an amount equal thereto. Appellants have raised this point only as an argument that Special Term should not have exercised its discretion to award as much in commissions as it did. There is no claim that respondent

Geist should be held personally liable for negligence in the performance of his duties so that, if the damage to appellants exceeds the commissions awarded, those commissions should merely be reduced to zero, but no judgment for any deficiency should be awarded. *Fourth* and finally, appellants contend that the sum awarded as counsel fees should be deducted from the Receiver's commissions. We agree. The respondent Geist obtained a court order authorizing him to obtain counsel and pursuant thereto he engaged a law firm in which a relative was a partner. The affidavit of services submitted by the Receiver's attorney in connection with an application to set the counsel fee merely indicates that the attorney read the file in the case and spoke on the telephone with several of the disputing partners. In this case the respondent Receiver is himself an attorney. It is the rule that a Receiver who is a lawyer is expected to perform customary legal duties connected with his tenure *(Sunrise Fed. Sav. & Loan Assn. v West Park Ave Corp.,* 47 Misc 2d 940). Since the services rendered by counsel do not appear to have been extraordinary in any sense, the amount awarded as compensation therefor should have been deducted from the sum awarded to the Receiver as his commissions. Mollen, P. J., Damiani, Mangano and Thompson, JJ., concur.