■ INDEPENDENT PROPERTIES COMPANY, INC., Plaintiff, v MAST PROPERTY INVESTORS, INC., et al., Appellants. JOHN J. CLYNE, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered July 11, 1988 in Albany County, which, *inter alia,* granted John J. Clyne's motion to settle his final accounting as receiver and fixed his commission.

The issue herein is whether Supreme Court erred in awarding the receiver in this mortgage foreclosure action the statutory maximum permitted by CPLR 8004 (a). John J. Clyne (hereinafter the receiver) was appointed on February 5, 1985 and charged with, among other things, renting, employing an agent to rent and collect rents, insuring, and paying the taxes, assessments, mortgage payments and other charges for the premises known as Century II Mall, located in the City of Albany. After the parties settled, the receiver moved for, among other things, a final accounting. In seeking a commission, the receiver supplied a very general affidavit without setting forth the specific nature of the work performed by him or his work hours. Affidavits in opposition indicate that Nigro Real Estate, a professional real estate management group, did in fact perform the day-to-day management of the premises, including rental collection, leasing, repairs and maintenance. The receiver concedes that Nigro Real Estate was engaged to manage the property for which it was paid $43,383.98.

It is fundamental law that a receiver is required to render

services in order to earn his commissions. It is the receiver's burden to justify his account *(see, East Chatham Corp. v Iacovone,* 26 AD2d 433). If services of the receiver are performed by others, the receiver's commission should be reduced *(Lentine v Fundaro,* 56 AD2d 592). The statutory commissions represent the maximum amount which may be paid to a receiver for his services *(see, Bowery Sav. Bank v 566 Amsterdam Ave. Corp.,* 32 Misc 2d 459; *see also,* CPLR 8004 [a]).

The affidavits opposing the receiver's motion indicate that a substantial portion of the duties of the receiver was delegated to Nigro Real Estate. Property management services are a segment of receivership duties. Management fees should be considered in calculating the maximum allowable commission. A property owner should not have to pay twice for the same services. Thus, the general supervision by Nigro Real Estate does not entitle the receiver to receive payment for the work performed by the manager. Consequently, the receiver's fees awarded here are unsupported by the record. The matter must therefore be remitted to Supreme Court for the calculation of an appropriate award upon submission of affidavits by the receiver specifying in detail the nature of his services and the time spent on such activities.

Finally, we find the receiver's contention of equitable estoppel to be without merit.

Order reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

Kane, J. P., and Mercure, J., dissent and vote to affirm in a memorandum by Kane, J. P. Kane, J. P. (dissenting). Included among the many broad powers granted to the receiver designated in the original order of appointment herein, dated July 22, 1983, was a provision authorizing the receiver "to employ such persons or firms to aid and assist him in the management of the said property as may be reasonably necessary". These same powers were included by reference in the subsequent order of February 5, 1985, which, upon the consent of all parties, designated the current receiver, John J. Clyne, as the successor to the original receiver. At the time of this latter appointment and thereafter, Nigro Real Estate was the duly authorized rental and maintenance agent for the Century II Mall properties at issue in this case.

The receiver's tenure was successful. Additional tenants were secured, refinancing was obtained, and the foreclosure

action settled and discontinued with sufficient funds remaining in the hands of the receiver to provide for the payment of his statutory commissions *(see,* CPLR 8004 [a]). Nigro Real Estate was also successful in the performance of its duties, for which it was duly compensated. Among the expenses which a receiver may incur are the costs associated with the employment of a managing agent, particularly when the subject property is a large commercial operation with a number of tenants *(see, Litho Fund Equities v Alley Spring Apts. Corp.,* 94 AD2d 13, *appeal dismissed* 60 NY2d 859). There were, however, many other duties and responsibilities assumed by the receiver as an officer of the court. It is our view that the affidavits and accounts filed by the receiver for the period February 12, 1985 to December 31, 1987 and the circumstances implicit in this particular receivership, as demonstrated by this record, provide prima facie support for the award of statutory commissions. Those objecting thereto have not met their burden of showing that Supreme Court abused its discretion in determining the amount of the award to which the receiver was entitled for the management of the Century II Mall properties. Accordingly, we would affirm the order of Supreme Court.