■ BANKERS FEDERAL SAVINGS FSB, Plaintiff, v OFF WEST BROADWAY DEVELOPERS et al., Appellants, et al., Defendants. JULIUS WASSERSTEIN, as Receiver, Respondent. [643 NYS2d 52] —Order, Supreme Court, New York County (Edward Lehner, J.), entered January 12, 1995, which, *inter alia*, granted the motion of the receiver to be relieved, and order, same court and Justice, entered March 23, 1995, which denied defendants-appellants' motion for leave to sue the receiver, unanimously affirmed, with costs.

Defendants-appellants' claims against the receiver for damages to buildings adjoining the subject premises, relating to damage to pipes resulting from termination and reconnection of heat and hot water services, are not supported by the record. Further, the claims were properly denied as the receiver had no personal liability for the actions performed within his official capacity and within the scope of his authority pursuant to the receivership order (*see, Copeland v Salomon*, 56 NY2d 222, 231-232). There was no covenant, easement or encumbrance requiring provision of heat and hot water from the system in the subject premises to the adjoining buildings and no showing of easement by implication or prescription (*see, Abbott v Herring*, 97 AD2d 870, *affd* 62 NY2d 1028), nor was the receiver given authority by the receivership order to provide such services (*see, Daro Indus. v RAS Enters.*, 44 NY2d 969). Finally, the IAS Court properly denied leave to sue the receiver on the ground the motion was untimely since defendants-appellants unsuccessfully made three prior motions for the same relief and expressly stipulated to waive all objections to the receiver's accounting. Concur—Sullivan, J. P., Milonas, Rubin, Tom and Mazzarelli, JJ.