■ FRIESCH-GRONINGSCHE HYPOTHEEKBANK REALTY CREDIT CORPORATION, Plaintiff, v GEORGE SEMERJIAN, Appellant, et al.,

Defendant, and SOUTHHAMPTON BATH AND TENNIS CLUB, INC., Respondent. ALLEN M. SMITH, Nonparty Respondent. [648 NYS2d 928] —In an action to foreclose a mortgage upon real property, the defendant George Semerjian appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 9, 1995, which granted the branch of the receiver's motion which was for an award of fees and commissions and denied the branch of his cross motion which was for leave to sue the receiver for breach of fiduciary duty.

Ordered that the order is modified by deleting therefrom the provision which granted the branch of the receiver's motion which was for an award of fees and commissions and awarded the receiver a total sum of $9,525; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the receiver's commissions in accordance herewith.

A receiver is entitled to commissions not exceeding five percent of sums received and disbursed by him or her (*see,* CPLR 8004 [a]). This statutory amount is the *maximum* amount payable to a receiver (*see, New York State Mtge. Loan Enforcement & Admin. Corp. v Milbank Site One Houses,* 151 AD2d 424, 425; *Independent Props. Co. v Mast Prop. Investors,* 148 AD2d 849, 850; *Amusement Distribs. v Oz Forum,* 113 AD2d 855; *Hirsch v Peekskill Ranch,* 100 AD2d 863; *see also, Matter of Kane,* 75 NY2d 511, 515). Because the receiver received rents totaling $93,000 the maximum commissions he may receive pursuant to the statute is $4,650.

After determining the appropriate award, the Supreme Court must deduct therefrom the commissions the receiver admitted receiving from the plaintiff for services he rendered prior to June 1, 1994. In addition, upon remittal, the Supreme Court should determine whether the receiver should have deposited the money he collected in an interest bearing account, and if so, to what extent the appellant has been damaged by his failure to do so (*see, Strober v Warren Prop. Co.,* 84 AD2d 834).

The appellant's remaining contentions are either without merit or not properly before this Court. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.