■ KEY BANK OF NEW YORK, Appellant, v KARL V. ANTON, JR., et al., Defendants, and PETER BODKIN et al., Respondents. [659 NYS2d 895] —In a commercial mortgage foreclosure action, the plaintiff Key Bank of New York appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered April 17, 1996, which directed it to pay $48,175.04 to the

receiver, Peter Bodkin; $27,117.50 to Patrick F. Adams, Esq.; $4,7681.75 to Donald J. Werner, Esq.; $5,147.45 to the receiver as reimbursement for a bond; $2,000 to accountants Conlon and Turkenitz; and $5,835 to accountants Bender Ciccotto & Co.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith.

The respondent Peter Bodkin was appointed the receiver of certain foreclosed property containing a restaurant, and was granted authority to operate the restaurant as an ongoing concern. Over the course of the receiver's tenure, the restaurant ceased to take in sufficient funds to pay vendors who supplied goods to it. The receiver accepted goods from these vendors on credit, promising that the plaintiff bank would ultimately pay. By order of the court, after the restaurant closed, the bank was directed to and did pay these vendors over $100,000. The restaurant was ultimately closed after the Long Island Lighting Company shut off the electricity for nonpayment of bills, and the property was, thereafter, sold at public auction. The receiver then sought and was granted a 5% commission (see, CPLR 8004 [a]) on the cash flow handled by the restaurant while in his hands, as well as attorneys' and accountants' fees. These payments were opposed by the plaintiff bank.

The statutory commission of 5% represents the maximum amount which may be paid to a receiver for his services (CPLR 8004 [a]; see also, Independent Props. Co. v Mast Prop. Investors, 148 AD2d 849, 850). A receiver is not entitled to the statutory maximum as of right; the court has discretion to award a lower percentage (see, Coronet Capital Co. v Spodek, 202 AD2d 20, 27). "It is [also] fundamental law that a receiver is required to render services in order to earn his commissions [and] [i]t is the receiver's burden to justify his account" (Independent Props. Co. v Mast Prop. Investors, supra, at 849-850; see also, East Chatham Corp. v Iacovane, 26 AD2d 433). Thus, upon fixing a final commission, the receiver is required to render a full accounting and document his services in adequate detail (see, New York State Mtge. Loan Enforcement & Admin. Corp. v Milbank Site One Houses, 151 AD2d 424, 426; CPLR 6404).

Here, the accounting statements submitted by the receiver indicated that they were prepared in reliance upon the representations of the management of the restaurant. No audit or review of financial statements was conducted, and no opinion on the numbers in the accounting statements was offered by the accountants. These are insufficient submissions to justify

the receiver's commission *(see, Matter of Ronan Paint Corp.,* 98 AD2d 413, 419). Also, the receiver offered no details of the services he rendered and made no attempt to explain why he continued to conduct the business of the restaurant after it became insolvent. "[I]t is the usual rule that a receiver should discontinue an insolvent business" *(Litho Fund Equities v Alley Spring Apts. Corp.,* 94 AD2d 13, 15-16).

With regard to the accountants' fees, the receiver offered only a final bill, without any breakdown of the time spent, and did not offer an explanation of the necessity of the services. Although the attorneys' fees are supported by the billing records, there is again no offer of proof as to the necessity of the services rendered, the benefit achieved, the difficulty of the issues involved, or any other of the considerations normally involved in calculating attorneys' fees *(see generally, Bankers Fed. Sav. Bank v Off W. Broadway Developers,* 224 AD2d 376, 377-378).

Finally, although the Supreme Court stated in its order dated December 19, 1995, that the plaintiff's counsel had agreed to have these issues decided on documentary submissions alone, a hearing on these issues is necessary. The agreement does not appear on the record, the plaintiff denies that it waived the holding of a hearing, the issues involved are complex, and the proceedings are contentious. Sullivan, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.