■ FIRST NEW YORK BANK FOR BUSINESS, Plaintiff, v 418 WEST 49TH STREET REALTY CORP. et al., Defendants. ARTHUR B. LEVINE, as Receiver, Appellant; NAB ASSET VENTURE III, L.P., as Assignee, Respondent. [675 NYS2d 867] —Order, Supreme Court, New York County (Helen Freedman, J.), entered June 25, 1997, which, *inter alia*, fixed the appellant-receiver's commissions in the amount of $5,000, unanimously modified, on the law, the facts and in the exercise of discretion, the award is increased to $16,646.99, and otherwise affirmed, without costs.

On April 22, 1992, appellant Arthur Levine was appointed the receiver over certain property that was the subject of a mortgage-foreclosure action. The receivership continued until February 22, 1996, when it was terminated after the parties settled the underlying foreclosure action. Although the building had serious problems at the commencement of the receivership (plumbing leaks, notices from utilities of cessation of electricity and the continued presence of prostitutes in the vestibule), the premises were restored to habitability and the receiver's account showed a surplus by the end of the receivership period.

Consistent with the order appointing a receiver, appellant hired a managing agent to assist him in managing the property. The managing agent has been paid $26,535.93 for its services. On April 16, 1996, appellant moved to settle the receiver's account and requested compensation in the amount of $16,646.99, which is 5% of his gross receipts. The court granted the application to the extent of awarding appellant $5,000 in commissions (approximately 1½%). The court stated that the lower amount was warranted because many of the duties of the receiver had been performed by the managing agent and the receiver's counsel, who had already been compensated for such services.

We reject appellant's contention that he is entitled to a 5% commission as a matter of right. "The statutory commission of 5% represents the maximum amount which may be paid to a receiver for his services (CPLR 8004 [a]; *see also, Independent Props. Co. v Mast Prop. Investors*, 148 AD2d 849, 850). A receiver is not entitled to the statutory maximum as of right; the court has discretion to award a lower percentage (*see, Coronet Capital Co. v Spodek*, 202 AD2d 20, 27)." (*Key Bank v Anton*, 241 AD2d 482, 483.)

Nonetheless, we believe the court improvidently exercised its

discretion in limiting the receiver's fees to $5,000. While it is proper for the court to consider the amount of work delegated to an agent when determining the receiver's fee (*see, Independent Props. Co. v Mast Prop. Investors, supra; De Santis v White Rose Assocs.*, 152 Misc 2d 567, 573), the court's award in this case was insufficient insofar as it failed to recognize the length of the receivership, the relatively modest amount of the request and the undeniable conclusion that the receivership was wholly successful in restoring the property to a habitable condition. Accordingly, we modify to fix appellant-receiver's commission at $16,646.99 (CPLR 8004 [a]). Concur—Lerner, P. J., Nardelli, Wallach and Mazzarelli, JJ.