■ PETER BOZEWICZ, Also Known as PIOTR BOZEWICZ, Plaintiff, v NASH METAL WARE Co., INC., et al., Appellants, et al., Defendants. RICHARD GOLDBERG, Nonparty Respondent. [720 NYS2d 514] —In an action to foreclose a mortgage, the defendants Nash Metal Ware Co., Inc., and Stephanie Eisenberg appeal from an order of the Supreme Court, Kings County (Barasch, J.), dated October 22, 1999, which granted, without a hearing, the motion of the temporary receiver, Richard Goldberg, *inter alia*, to approve his account and fix his commission.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith.

In this action to foreclose a mortgage, the Supreme Court granted the motion of the temporary receiver, *inter alia*, to approve his account and fix his commission. In granting the motion, the court approved, nunc pro tunc, the temporary receiver's retention of counsel and a managing agent, and the payments made to each. The appellants contend that, in light of the factual issues raised, the court erred in granting the temporary receiver's motion without a hearing. We agree.

In opposition to the temporary receiver's motion, the appellants raised issues of fact as to the accounting and commission. The issues included, *inter alia*, whether the temporary receiver sought a commission on rents he received after he was discharged (*see, Key Bank v Anton,* 241 AD2d 482) and the propriety and amount of various expenses claimed, including those of the managing agent (*see, Litho Fund Equities v Alley Spring Apts. Corp.,* 94 AD2d 13; *East Chatham Corp. v Iacovone,* 26 AD2d 433). Further, although the court may authorize the retention of counsel by a temporary receiver, nunc pro tunc, and the payment of an attorney's fee, the appellants raised factual issues as to the necessity and reasonableness of the fee, including, *inter alia*, whether counsel performed duties that are customarily performed, and should have been performed, by the temporary receiver (*see, Sun Beam Enters. v Liza Realty Corp.,* 210 AD2d 153; *Kraizberg v Frank,* 170 AD2d 306; *Long Is. City Sav. & Loan Assn. v Bertsman Bldg. Corp.,* 123 AD2d 840; *Strober v Warren Prop. Co.,* 84 AD2d 834; *Lentine v Fundaro,* 56 AD2d 592). Accordingly, the Supreme Court should not have granted the temporary receiver's motion without a hearing. Ritter, J. P., Altman, H. Miller and Schmidt, JJ., concur.