■ SHERYN SILVESTRE et al., Respondents, v JOSEPH P. SHELLEY, JR., et al., Appellants. RICHARD H. SCHAFFER, Nonparty Respondent. [816 NYS2d 195]—

In an action, inter alia, to dissolve a partnership, the defendants Joseph P. Shelley, Jr., Mary A. Shelley, and Mary E. Morrissey appeal, and the defendant Kathryn M. Shelley separately appeals, as limited by their notices of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated October 18, 2004, as granted the motion of the temporary receiver, the nonparty, Richard H. Schaffer, to judicially settle and approve the final accounting of the temporary receiver, directed that all funds held in the temporary receiver's account be disbursed in accordance with the final accounting, and awarded the temporary receiver a statutory commission of five percent in the amount of $61,686.05.

Ordered that the appeal from so much of the order as ap-

proved the final accounting of the temporary receiver and directed that all funds held in the temporary receiver's account be disbursed in accordance with the final accounting is dismissed; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof awarding the temporary receiver a statutory commission of five percent in the amount of $61,686.05, and substituting therefor a provision awarding the temporary receiver a statutory commission of five percent in the amount of $55,328.98, with the difference being refunded 50% to the plaintiffs and 50% to the defendant; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The issues raised on the appeal from so much of the order as approved the final accounting of the temporary receiver and directed that all the funds held in the temporary receiver's account be disbursed in accordance with the final accounting could have been raised on the defendants' prior appeal from an order of the same court dated July 13, 2004, denying their motion to remove the temporary receiver. On May 10, 2005 that appeal was dismissed by this Court for lack of prosecution. The dismissal of that appeal constituted an adjudication on the merits with respect to all issues which could have been raised, and we decline to review those issues on this appeal (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 755-756 [1999]; *Bray v Cox*, 38 NY2d 350, 353 [1976]; *Matter of Wolff v Brewster Cent. School Dist.*, 10 AD3d 661, 661-662 [2004]).

"A receiver is entitled to commissions not exceeding five percent of sums received and disbursed by him or her" (*Friesch-Groningsche Hypotheekbank Realty Credit Corp. v Semerjian*, 232 AD2d 448, 449 [1996]; *Amusement Distribs. v Oz Forum*, 113 AD2d 855 [1985]; CPLR 8004 [a]). During the course of the receivership, the temporary receiver collected $1,106,579.69 in rents and from the sale of the subject property, the money collected was disbursed for various approved expenses, and the balance was distributed to the parties. The temporary receiver was therefore entitled to a statutory commission of five percent in the amount of $55,328.98. The Supreme Court awarded the temporary receiver the higher sum of $61,686.05 based upon a five percent share of an additional $127,141.47 of back rent that was paid to the defendants in the form of an adjustment to the parties' final distribution. This was an error, as the $127,141.47 was never separately collected by the temporary receiver but was instead an amount included within the $1,106,579.65 collected by the temporary receiver, on which the maximum five

percent commission must be calculated. Crane, J.P., Rivera, Skelos and Dillon, JJ., concur.