■ KAUFMAN PROPERTIES & ASSOCIATES, LLC, Appellant, v 2 COURT STREET, LLC, et al., Defendants. LARRY SALL, Respondent. [858 NYS2d 419]—

■■■■■■■■

Carpinello, J. Appeal from an order of the Supreme Court (Lebous, J.), entered June 29, 2007 in Broome County, which, among other things, approved the final accounting of receiver Larry Sall.

During the pendency of a mortgage foreclosure action (i.e., from November 2004 until October 2006), Larry Sall served as the court-appointed receiver of a commercial property in the City of Binghamton, Broome County. Management of this property involved the collection of rents in excess of $850,000, as well as daily oversight of the premises. Supreme Court's approval of Sall's final accounting is the subject of this appeal by plaintiff.

Plaintiff's principal contention is that Sall wrongfully profited as a result of the hiring by his own property management firm of an employee who was paid at an hourly rate less than the amount billed to the receivership for his services. A receiver, as an officer of the court, can have no liability for actions performed "within the scope of his authority pursuant to the receivership order" (*Bankers Fed. Sav. v Off W. Broadway Devs.*, 227 AD2d 306, 306 [1996]). Here, the proposed management agreement between Sall and his own property management firm was submitted to Supreme Court (Relihan, Jr., J.) for its express approval at the outset of the receivership. That agreement specifically authorized Sall to compensate his firm for property management services at a particular hourly rate. Since Sall's conduct was consistent with the order of appointment, it "should not be nullified except for grave and sufficient reason" (*Judah v Cold Stream Golf Club Corp.*, 240 App Div 893, 894 [1933]). Finding none here, we are unable to say that Supreme Court abused its discretion in approving Sall's accounting.

We likewise find unavailing plaintiff's challenges to Supreme Court's award of the maximum statutory allowance for Sall's commissions (*see* CPLR 8004 [a]) or his counsel fees. Even acknowledging the dispute over the level of compensation charged to the receivership for the on-site property manager, we

discern no "evidence of mismanagement or wasting of assets" (*Constellation Bank v Binghamton Plaza*, 236 AD2d 698, 700 [1997]) sufficient to deny a full commission (*see David Realty & Funding, LLC v Second Ave. Realty Co.*, 14 AD3d 450, 451 [2005]). Nor do we agree that the invoices of the attorneys retained by Sall were so lacking in detail that the reasonableness and necessity of the services rendered could not properly be ascertained and approved by Supreme Court.

Cardona, P.J., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.