In an action to recover damages for breach of contract, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), dated June 9, 2011, as denied those branches of his motion which were for summary judgment dismissing the complaint and on his counterclaims alleging breach of contract, and granted the plaintiffs cross motion for summary judgment on the complaint.
Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiffs cross motion for summary judgment on the complaint and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.
Shortly after the defendant was divorced, the Supreme Court issued a judgment appointing him as receiver of the marital residence. It directed him to execute any and all documents necessary for conveying and transferring his former wife’s title interest. The Supreme Court issued such directive so that the defendant would become the sole and exclusive owner of the property for the purpose of selling it in order to satisfy a money judgment for his share of the equity in the property. Thereafter, the defendant entered into a written agreement with the plaintiff Maltz Auctions, Inc. (hereinafter Maltz), for the purposes of determining the market value of the property, as *723 well as advertising and marketing the property for its eventual auction by Maltz. Their agreement included a liquidated damages clause which recited, in pertinent part, that in the event the property was withdrawn from auction by the defendant prior to auction, the defendant was obligated pay to Maltz an amount equal to 8% of the reserve price, with the reserve price set at $350,000. Nearly one month after the parties entered into this agreement, and only two days prior to the scheduled auction date, the defendant directed Maltz to withdraw the property from auction. On that same day, the defendant entered into a stipulation of settlement with his former wife conveying the property to her for a sum certain. When Maltz demanded payment under the liquidated damages provision, the defendant refused, arguing that inasmuch as he entered into the agreement with Maltz in his capacity as court-appointed receiver, he was not personally liable.
Maltz thereafter commenced this action to recover damages for breach of contract. The defendant answered the complaint and asserted counterclaims, alleging, inter alia, that it was Maltz who had breached the agreement by failing to print and disseminate certain brochures advertising the property, as was required under their contract. The defendant moved for summary judgment dismissing the complaint and on his counterclaims. In response, Maltz opposed the motion and cross-moved for summary judgment on the complaint. The Supreme Court, inter alia, denied the defendant’s motion for summary judgment dismissing the complaint and on his counterclaims, and granted Maltz’s cross motion for summary judgment on the complaint. The defendant appeals, and we modify.
Generally, a receiver has no personal liability for actions performed within his or her official capacity and within the scope of his or her authority pursuant to the receivership order (see Ocean Side Institutional Indus. v United Presbyt. Residence, 254 AD2d 337, 338 [1998]; Bankers Fed. Sav. v Off W. Broadway Devs., 227 AD2d 306 [1996]). Here, the receivership order directed the defendant to execute documents in order to become the exclusive owner of the property for the purpose of selling it, which he did. Contrary to the Supreme Court’s determination, Maltz failed to demonstrate, prima facie, that the defendant entered into the subject agreement in his individual capacity. Based on Maltz’s own submissions, triable issues of fact exist as to whether the defendant entered into the subject agreement in his individual capacity or in his capacity as receiver and, consequently, whether he is subject to personal liability under the contract. Specifically, for example, Maltz *724 submitted proof in support of its motion which demonstrated that it listed the auction on certain on-line auction web sites, including its own, as a “receiver ordered auction” subsequent to a divorce. As Maltz failed to make a prima facie showing, we need not address the sufficiency of the defendant’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Accordingly, although the Supreme Court properly denied that branch of the defendant’s motion which was for summary judgment dismissing the complaint, it should have denied Maltz’s motion for summary judgment on the complaint.
Additionally, as to the defendant’s counterclaims alleging that Maltz breached the agreement, “ ‘when parties set down their agreement in a clear, complete document, their writing should ... be enforced according to its terms’ ” (Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004], quoting WWW Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; see St. John’s Univ., N.Y. v Butler Rogers Baskett Architects, P.C., 92 AD3d 761, 765 [2012]). Notably, the agreement unambiguously stated that Maltz was required to “prepare marketing brochures” which would be “transmitted to all interested parties.” Here, the defendant demonstrated, prima facie, that Maltz failed to prepare the marketing brochures pursuant to the terms of the agreement. Specifically, he established that Maltz’s expense report in relation to marketing the property did not conclusively show that Maltz produced these brochures. Further, in the defendant’s affidavit, he alleged that after he entered into the agreement, he contacted Maltz’s principal, requesting brochures for potential buyers, but was advised that the brochures had not been printed, and that they would not be printed. However, in response, Maltz raised a triable issue of fact as to whether the brochures had been printed and disseminated, and whether such brochures were mailed to 740 recipients. Accordingly, as the issue of performance cannot be resolved as a matter of law on this record, the Supreme Court properly denied the defendant’s motion for summary judgment on his counterclaims (cf. Maser Consulting, P.A. v Viola Park Realty, LLC, 91 AD3d 836 [2012]).
The defendant’s remaining contentions are without merit. Angiolillo, J.P., Florio, Belen and Chambers, JJ., concur.