15-3852-cv
*Sherry v. U.S. Bank National Association*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY
FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST
CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON
ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in
the City of New York, on the 7th day of October, two thousand sixteen.

PRESENT:    DENNY CHIN,
            SUSAN L. CARNEY,
                  *Circuit Judges*,
            RICHARD M. BERMAN,
                  *District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DENNIS J. SHERRY,
                  *Receiver-Appellant*,

JDM LONG ISLAND LLC,
                  *Plaintiff*,

PEOPLE OF THE STATE OF NEW YORK,
JDM LONG ISLAND LLC, BAGNATO REALTY
SERVICES, LLC, DBA NAI LONG ISLAND,
JOHN DOE, PEOPLE OF THE STATE OF
NEW YORK, VILLAGE OF HEMPSTEAD,

---

\*       Judge Richard M. Berman, of the United States District Court for the Southern
District of New York, sitting by designation.

MARY ROE, EAST COAST PETROLEUM, INC.,
XYZ CORPORATION,

<em>Counter-Defendants</em>,

v.                                  15-3852-cv

U.S. BANK NATIONAL ASSOCIATION, as Trustee, as
successor-in-interest to Bank of America, N.A, as successor
trustee for the registered holders of LBUBS Commercial
Mortgage Trust 2006C7, Commercial Mortgage
PassThrough, AKA Bank of America, N.A.,

<em>Defendant-Counter-Claimant-Appellee</em>.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR RECEIVER-APPELLANT: | RICHARD JORDAN EISENBERG, Meyer, Suozzi, English & Klein, P.C., Garden City, New York. |
| FOR DEFENDANT-COUNTER-CLAIMANT-APPELLEE: | CHRISTOPHER COSTELLO, Winston & Strawn LLP, New York, New York. |

Appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the memorandum and order of the district court is **AFFIRMED**.

Receiver-appellant Dennis J. Sherry appeals from a November 2, 2015 memorandum and order of the United States District Court for the Eastern District of New York denying his application for payment of commissions for his work as receiver in a commercial property foreclosure. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

The district court appointed Sherry receiver on May 18, 2011 in this foreclosure of an office building in Hempstead, New York. The court entered judgment in favor of U.S. Bank on its foreclosure claim, the remaining claims were settled, the property was sold, and, on October 20, 2015, the court confirmed and ratified the sale.

The district court terminated the receivership by order entered October 4, 2013, and Sherry filed an application for commissions on December 10, 2013, seeking some $454,435 in compensation. The application was opposed, and lengthy proceedings ensued over the course of almost the next two years, including a two-day evidentiary hearing, that culminated in the district court's decision denying Sherry's application in its entirety.

Section 8004(a) of the New York Civil Practice Law and Rules ("CPLR") entitles a receiver to "such commissions, not exceeding five per cent upon the sums received and disbursed by him, as the court by which he is appointed allows." N.Y. C.P.L.R. § 8004(a).[1] Where there are no funds remaining in the receiver's hands at the termination of the receivership, the court "may fix the compensation of the receiver and the fees of his attorney, in accordance with the respective services rendered, and may direct the party who moved for the appointment of the receiver to pay such sums." N.Y. C.P.L.R. § 8004(b). "It is fundamental law that a receiver is required to render

---

[1]     Both parties applied New York law in their briefs before the district court and again on appeal. Such "implied consent . . . is sufficient to establish choice of law." *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) (quoting *Tehran–Berkeley Civil & Environmental Eng'rs v. Tippetts–Abbett–McCarthy–Stratton*, 888 F.2d 239, 242 (2d Cir. 1989)).

3

services in order to earn his commissions," and "[i]t is the receiver's burden to justify his account." *Indep. Props. Co. v. Mast Prop. Inv'rs, Inc.*, 539 N.Y.S.2d 121, 122 (3d Dep't 1989).

The award of commissions and fees pursuant to Section 8004 of the CPLR and the amount of any such award are subject to the appointing court's discretion. *See Kaufman Props. & Assocs., LLC v. 2 Court St., LLC*, 858 N.Y.S.2d 419, 420 (3d Dep't 2008) (concluding that New York Supreme Court did not abuse its discretion by approving receiver's accounting); *Key Bank of New York v. Anton*, 659 N.Y.S.2d 895, 896 (2d Dep't 1997) ("A receiver is not entitled to the statutory maximum as of right; the court has discretion to award a lower percentage.").

We review discretionary determinations of the district court for abuse of discretion. *See Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168-69 (2d Cir. 2001) ("When a district court is vested with discretion as to a certain matter, it is not required by law to make a *particular* decision. Rather, the district court is empowered to make a decision -- of *its* choosing -- that falls within a range of permissible decisions."). "An abuse of discretion may consist of an erroneous view of the law, a clearly erroneous assessment of the facts, or a decision that cannot be located with the range of permissible decisions." *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) (quoting *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012)).

On appeal, Sherry argues that the district court erred by (1) failing to take into account the complete record of his efforts as receiver and (2) concluding that his specific actions with regard to the property justified the denial of a commission. We disagree. As discussed below, the district court properly considered the record and did not abuse its discretion when it declined to award Sherry a commission.

First, there is no evidence that the district court disregarded the record in making its determination. In fact, the district court gave Sherry multiple opportunities to supplement his application and considered the additional information that Sherry provided in its ultimate decision to deny him a commission. The district court denied, without prejudice, Sherry's first commission application because he failed to file required monthly reports detailing his activities. Sherry renewed his motion for a commission after filing the requisite monthly reports. Upon review of those reports, the district court determined in a detailed memorandum and order issued November 21, 2014 that the records submitted with the application were "too sparse," and subsequently held a two-day hearing to determine whether certain services provided by the managing agent CBRE Group Inc. ("CBRE"), Sherry's former employer, were duplicative of Sherry's and whether Sherry violated a provision of his appointment order that prohibited him from "incurring obligations in excess of the monies in his hands without further order of the court or written consent of the Lender." Supp. App. at 116, 119. Following the hearing, the district court gave both parties the opportunity

5

to file post-hearing briefs. Accordingly, it is clear from the record that the district court afforded Sherry ample opportunity to justify his requested commissions, and the district court's decision to deny his motion was the result of careful consideration of the record before it.

Second, we find no abuse of discretion in the district court's well-reasoned conclusion that Sherry was not entitled to a commission, whether Sherry's entitlement is analyzed under Section 8004(a) or 8004(b) of the CPLR. The district court's decision was based principally on three findings made by the district court following the hearing.

To begin, the district court found that Sherry approved, without district court authorization, the payment of salaries to individual employees of CBRE totaling $455,039.01. The district court found their services to be duplicative of services that CBRE was to provide for a court-authorized fixed fee, pursuant to the district court's order appointing CBRE managing agent.

Further, the district court found that Sherry incurred "obligations in excess of the monies in his hands without further order of the Court or written consent of the Lender," in violation of his appointment order, when he entered into a contract with a construction company to perform tenant-requested improvements on the property. App. at 26; Special App. at 12-13. These factual findings were not clearly erroneous and were well supported by evidence presented at the hearing.

Finally, the district court found that Sherry failed to meet his burden to justify a commission because he "struggled to articulate his role as the Receiver" and his purported responsibilities were also duplicative of work provided by CBRE. Special App. at 13. This conclusion was based, in part, on the district court's assessment of Sherry's testimony regarding his role.

Based on our review of the record, we conclude that the district court acted well within its discretion when it determined that Sherry was not entitled to any compensation.

We have considered all of Sherry's additional arguments and find them to be without merit. For the reasons stated herein, the memorandum and order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7