Feeney v Giannetti (2025 NY Slip Op 03043)

Feeney v Giannetti

2025 NY Slip Op 03043

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-04871
 (Index No. 967/14)

[*1]Thomas J. Feeney, et al., plaintiffs, 
v
Thomas Giannetti, plaintiff-appellant, John F. Giannetti, defendant- appellant, et al., defendant; Bruce R. Hafner, nonparty- respondent.

Brian M. DeLaurentis, P.C., New York, NY, for plaintiff-appellant.
Tini Law P.C., West Islip, NY (Francesco P. Tini of counsel), for defendant-appellant.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust on real property, the plaintiff Thomas Giannetti and the defendant John F. Giannetti separately appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Robert A. McDonald, J.), entered April 7, 2023. The order and judgment, upon a decision of the same court dated October 11, 2022, in effect, granted, without a hearing, the motion of the temporary receiver, Bruce R. Hafner, to confirm his amended final report and account, fixed the commissions and fees of the temporary receiver, directed disbursement of the proceeds of the sale of the subject property, and awarded the plaintiff Vicki Eskin Levy and the defendants each the sum of $23,199.20, to be paid by the plaintiff Thomas Giannetti.
ORDERED that the order and judgment is reversed, on the law, with one bill of costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
The plaintiff Thomas Giannetti, Michael Giannetti, and the defendants, John F. Giannetti and Kevin Giannetti, are brothers (hereinafter collectively the brothers). In 1977, their mother, Margaret Giannetti, purchased a home in Bayville (hereinafter the property) with her brother, the plaintiff Thomas J. Feeney. Feeney held title to the property until 2006, when he executed a deed and transferred title to John. In 2013, Margaret directed John to record a new deed reflecting equal and beneficial ownership interests to each of the brothers, but John declined to do so. During this time, Thomas Giannetti (hereinafter Thomas) was the only brother residing at the property.
The brothers disagreed about how ownership of the property should be shared between them, and in 2014, Feeney, Thomas, and Michael commenced this action against John and Kevin, inter alia, to impose a constructive trust on the property. John asserted counterclaims against Thomas, alleging, among other things, that John purchased a 50% interest in the property from Feeney and held title in the other 50% interest for the benefit of the brothers.
On November 16, 2015, the parties entered into a stipulation in open court to settle [*2]the action. The stipulation was so-ordered by the Supreme Court. The parties agreed that a quitclaim deed would be executed to convey title to the property in equal shares to the brothers as tenants in common. The parties agreed that Thomas would continue to have exclusive occupancy of the property and would be exclusively responsible to pay real estate taxes, insure the property, and maintain the property. The parties agreed that the property would be sold no later than May 1, 2016, by a licensed real estate broker chosen by counsel's mutual agreement, subject to the following provisions: (1) $50,000 off the top of the sale proceeds would be paid to John, (2) John would be solely responsible to satisfy a home equity mortgage he placed upon the property, (3) $35,000 off the top of the sale proceeds would be paid to Thomas, (4) Thomas would pay any open and unpaid real estate taxes at closing from his share of the sale proceeds, and (5) the remaining sale proceeds would be equally divided among the brothers.
Despite the stipulation, the relationship between the brothers, particularly John and Thomas, continued to deteriorate, with neither of them performing their obligations pursuant to the stipulation. In February 2019, the Supreme Court appointed Bruce R. Hafner as temporary receiver of the property and directed him to sell the property and file an account seeking court approval of his fees and expenses and proposing distribution of the net proceeds of the sale in accordance with the stipulation.
Hafner effectuated a sale of the property on September 15, 2020. Thereafter, Hafner moved to confirm his amended final report and account. Hafner averred in his amended final report and account that John and Thomas interfered with his ability to execute his duties as temporary receiver and recommended that the cost of that interference be borne against their shares of the sale proceeds. Hafner averred that he received the sum of $514,601.23 in principal from the sale of the property and was left with the sum of $327,209.02 after the payment of outstanding taxes and expenses. Hafner proposed that his gross commission was the sum of $59,656.25, based on his hourly rate, including legal fees related to possession and insurance, with a net total in the sum of $42,885.33. Hafner averred that after his recommended fees and expenses and other proposed expenses, the sum of $231,001.49 remained to be distributed to the brothers. Hafner recommended that the sums of $68,789.11 be distributed to John, $81,106.19 be distributed to Kevin, and $81,106.19 be distributed to Michael's estate, and that no money be distributed to Thomas, as his responsibility to pay the property taxes left him with a negative distribution. To account for Thomas's negative distribution, Hafner recommended that John, Kevin, and Michael's estate each be awarded a judgment against Thomas in the sum of $25,394.70.
John and Thomas separately opposed Hafner's motion and challenged his proposed distribution of the sale proceeds. They argued, inter alia, that Hafner failed to account for the off-the-top credits owed to each of them and incorrectly calculated his commission based on time instead of as a percentage of the sale proceeds.
In a decision dated October 11, 2022, the Supreme Court determined that Hafner's motion should be granted. After reviewing the record, the court found that Hafner's motion was "amply supported by a scrupulous recitation of the actions in which he engaged to preserve and protect the subject property" and was accompanied by relevant documentary evidence. In an order and judgment entered April 7, 2023, the court, among other things, in effect, granted Hafner's motion and permitted him to retain the total sum of $49,232 in commissions and fees. The court also directed Hafner to disburse the sum of $77,163.75 out of the sale proceeds to John, the sum of $86,660.56 out of the sale proceeds to Kevin, and the sum of $86,660.56 out of the sale proceeds to the plaintiff Vicki Eskin Levy, as personal representative of Michael's estate. The court additionally awarded John, Kevin, and Levy each the sum of $23,199.20, to be paid by Thomas. Thomas and John separately appeal.
Thomas's contentions that the expenses and fees incurred by Hafner in connection with evicting Thomas were unnecessary and excessive, and that Hafner's allocation of costs to Thomas was improper, as well as Thomas's and John's contentions that Hafner acted outside the scope of his authority, are without merit.
However, we reverse the order and judgment, as, under the circumstances of this case, the Supreme Court should have held an evidentiary hearing before approving Hafner's amended final report and account based on the factual issues raised by the parties and the contentious nature of the proceedings (see Laffey v Laffey Fine Homes Intl., LLC, 192 AD3d 878, 882; Bozewicz v Nash Metal Ware Co., 280 AD2d 443, 444; Key Bank of N.Y. v Anton, 241 AD2d 482, 484). "Stipulations of settlement are favored by the courts and not lightly cast aside . . . Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (Marasco v ExxonMobil Oil Corp., 224 AD3d 738, 740 [internal quotation marks omitted]; see Hallock v State of New York, 64 NY2d 224; Amerally v Liberty King Produce, Inc., 170 AD3d 637, 638). Here, Hafner's amended final report and account was confirmed without the off-the-top credits owed to John and Thomas pursuant to the stipulation. Further, the amended final report and account allocated receivership costs for insurance that were inconsistent with the allocation of costs agreed to in the stipulation.
Additionally, a hearing is necessary to calculate Hafner's commissions and to determine whether special circumstances exist warranting a recovery in excess of five percent of the sums received and disbursed (see Flotteron v JEL Realty, 58 AD3d 677, 677). CPLR 8004 allows a receiver to be paid commissions for his or her work "'not exceeding five percent of sums received and disbursed by him or her'" (Silvestre v Shelley, 30 AD3d 401, 402, quoting Friesch-Groningsche Hypotheekbank Realty Credit Corp. v Semerjian, 232 AD2d 448, 449; see CPLR 8004). Moreover, "'[i]t is the rule that a Receiver who is a lawyer is expected to perform customary legal duties connected with his [or her] tenure'" (Martini v Martini, 284 AD2d 510, 510, quoting Strober v Warren Prop. Co., 84 AD2d 834, 836). Here, the Supreme Court awarded Hafner five percent of the sale price as a commission but also awarded legal fees for services rendered, which nearly doubled his total compensation (see CPLR 8004). Although Hafner provided itemized bills to account for his time and expenses, his total compensation was calculated based on his hourly rate instead of as a percentage of the sale price (see id.).
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court