■ PAUL LAGUERRE, an Infant, by His Mother, MIRIAM LAGUERRE, et al., Appellants, v SEE BEL REALTY CORP., Appellant and Third-Party Plaintiff-Appellant. MILTON HERMAN MGT. CORP. et al., Third-Party Defendants; BERNARD H. LANGE, Respondent. — Order of the Supreme Court, Bronx County, (Fusco, J.), entered on February 18, 1982, which denied the motion by defendant third-party plaintiff See Bel Realty Corporation for leave to commence a third-party action against Bernard H. Lange, a court-appointed receiver, is unanimously affirmed with leave to appellants to move at Special Term to add the receiver as a third-party defendant, without costs or disbursements. The instant action was instituted by the infant plaintiff in June of 1977 after he allegedly suffered injuries from a fall out of a window of a vacant building located at 1875 University Avenue in The Bronx, owned by the defendant See Bel Realty Corporation. See Bel subsequently commenced a third-party action against Harlem Savings Bank, which in July of 1976 had foreclosed on the mortgage, and the Milton Herman Management Corporation. In the course of the examinations before trial in December of 1981, See Bel's counsel purportedly learned for the first time of the existence of a court-appointed receiver, Bernard H. Lange. See Bel then moved for permission to implead Lange. Special Term denied the motion on the ground that Lange's receivership had terminated by court order dated November 5, 1976, one day prior to the day of the accident. Based upon the record available to the court at the time that it made its ruling, the court was unaware of the fact that the order in question had not been entered until November 9, 1976. However, as the court held in *149 Clinton Ave. North v Grassi* (51 AD2d 502, 506), "it is well settled that where a receiver has been discharged and relieved from any and all liability as receiver, he may not be sued until the appointing court vacates its order * * * and grants leave to sue". Since See Bel never moved to vacate the order of discharge, the court below was therefore justified in denying the motion to add Lange as an additional third-party defendant. Concur — Ross, J. P., Asch, Markewich, Bloom and Milonas, JJ.