■ JOHN GADSON, Plaintiff, v 1340 HUDSON REALTY CORPORATION, Defendant, Third-Party Plaintiff, and Fourth-Party Plaintiff-Respondent, et al., Third-Party Defendant. MARIE M. RUNYON, as Article 7A Administrator of Premises 610 West 152nd Street, New York City, Fourth-Party Defendant-Appellant.—Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered on November 16, 1990, which denied the motion by the fourth-party defendant for summary judgment dismissing the action as against her, is unanimously reversed on the law and the motion granted, with costs and disbursements. The Clerk is directed to enter judgment in favor of fourth-party defendant-appellant severing and dismissing the action as against her, with costs.

Plaintiff, a construction worker employed by third-party defendant Andre Sottas, commenced this action against defendant 1340 Hudson Realty Corporation, the owner and manager of certain premises upon which he allegedly sustained personal injuries. Thereafter, Hudson brought a third-party action against Sottas and later instituted a fourth-party action against Marie Runyon, the Article 7A Administrator of the property at the time that the incident in question had occurred. Runyon had been appointed Administrator of the property on November 3, 1988 by order of the Civil Court,

New York County. However, on October 13, 1989, the Civil Court, upon Hudson's application to discharge Runyon as the Administrator, granted the motion and accorded Hudson full possession and management of the subject building. Runyon, therefore, moved for summary judgment dismissing the fourth-party action against her on the ground that as a court-appointed fiduciary, she could not be sued after she had already been discharged from her position and the court that had appointed her had not vacated its discharge and permitted Hudson to sue.

In denying the motion, the Supreme Court held that "there is no longer any need to obtain leave * * * because she was removed as Administrator almost six months prior to the commencement of this action. Additionally, nowhere in the language of the removal order or RPAPL 778 (6) is Ms. Runyon absolved from liability in her capacity as Administrator for suits under section 240 (1) of the Labor Law which accrued during her tenure. Finally, the RPAPL 778 (6) provides that Ms. Runyon is liable for incidents, as an owner would have been liable but for the appointment of a 7A Administrator." The court also observed that Runyon had not submitted any papers stating that she had not hired plaintiff or Sottas or that the former had not been injured while she was Administrator of the premises. However, the law is settled that where a receiver has been discharged from any and all liability, he or she may not be sued unless the appointing court vacates its order and grants leave to sue (*Laguerre v See Bel Realty Corp.*, 90 AD2d 707; *149 Clinton Ave. N. v Grassi*, 51 AD2d 502). It should be noted, moreover, that Hudson, having actively and successfully sought Runyon's removal as Administrator, cannot now ignore the effects of her discharge simply because it would prefer to shift possible liability for plaintiff's tort claims to the former Administrator. Consequently, the motion by the fourth-party defendant for summary judgment dismissing the action as against her should have been granted. Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.