■ COLUMBUS REALTY INVESTMENT CORPORATION, Appellant, v G & S WINDING ROAD, L.P., et al., Defendants, and H. LEE BLUMBERG, Nonparty Respondent. [684 NYS2d 270] —In an action to foreclose a mortgage on real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), entered September 29, 1997, which denied its motion (1) to vacate that portion of an order of the same court dated March 16, 1995, discharging the former receiver of the real property, and (2) for leave to prosecute an action against him.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

It is well settled that an action against a former receiver may not be maintained unless the order of discharge is vacated and leave to prosecute an action is granted (*see, Copeland v Salomon,* 56 NY2d 222). Here, after commencing an action against, among others, the former receiver to recover damages for negligence and breach of fiduciary duties, the plaintiff moved to vacate the order discharging the former receiver and for leave to sue. The court denied the motion citing the doc-

trine of laches and the plaintiff's failure to demonstrate a ground for relief as specified in CPLR 5015.

Inasmuch as the former receiver failed to demonstrate "lack of knowledge or notice * * * that the complainant would assert his or her claim for relief", or "injury or prejudice * * * in the event that relief is accorded the complainant" (*Cohen v Krantz,* 227 AD2d 581, 582), the court erred in relying on laches as a basis to deny the plaintiff's motion (*see, 149 Clinton Ave. N. v Grassi,* 51 AD2d 502). Furthermore, while the plaintiff did not demonstrate a ground for relief from the discharge order as specified in CPLR 5105, under the particular circumstances of this case and considering the court's inherent power to grant relief in the furtherance of justice, the court should have granted the motion to vacate that portion of the order dated March 16, 1995, discharging the receiver (*see, Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities,* 70 NY2d 831; *Ladd v Stevenson,* 112 NY 325, 332). Bracken, J. P., O'Brien, Sullivan and Goldstein, JJ., concur.