■ CAPITAL CROSSING BANK, as Successor to WYOMING COUNTY BANK, et al., Respondents, v AURORA HOSPITALITY, LLC, et al., Respondents, et al., Defendants. BRADLY J. SAX, Appellant; JAMES A. PARTACZ, ESQ., Respondent. [845 NYS2d 634]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 3, 2006. The order denied the motion of Bradly J. Sax for permission to intervene in this action or, in the alternative, for vacatur of that part of an order discharging the temporary receiver and for leave to commence an action against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and vacating the last ordering paragraph of the order dated March 27, 2006 and granting Bradly J. Sax leave to commence an action against the temporary receiver and as modified the order is affirmed without costs.

Memorandum: Bradly J. Sax, the appellant in this mortgage foreclosure action, was employed as the manager of the property under foreclosure pursuant to a written employment agreement with respondent James A. Partacz, Esq., the temporary receiver of the property (hereafter, temporary receiver). The employment agreement, as amended, provided in relevant part that, "[i]n the event [Sax's] employment is terminated or ends for any reason, [he] shall be entitled to a payment equal to one-half of [his] then annual salary, payable immediately following such termination." The parties in the foreclosure litigation reached a settlement agreement pursuant to which Supreme Court, inter alia, granted the motion of Wyoming County Bank, the plaintiff in that action, for summary judgment on the complaint in that litigation, directed the appointment of a referee to ascertain and report whether the property could be sold in parcels at a foreclosure sale, and approved the accounting of the temporary receiver and discharged him. Sax was shortly thereafter informed by representatives of then-plaintiff Wyoming County Bank (now Capital Crossing Bank, as successor to Wyoming County Bank) that he should immediately turn over management of the property to it. Upon contacting the temporary receiver in response to that information, Sax was told "that [his] employment was terminated and [he] should go

home." Sax was not paid the termination/severance pay as set forth in the amended employment agreement with the temporary receiver. Following the foreclosure sale, Sax moved for, inter alia, permission to intervene in the foreclosure action in order to seek modification of the judgment of foreclosure and sale by providing that he receive the amounts allegedly owed to him as severance pay as a receivership expense out of the proceeds of the sale. Although the court denied that part of the motion, we note that Sax has not set forth that argument in his brief on appeal. He thus is deemed to have abandoned it (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Alternatively, Sax sought vacatur of that part of the order discharging the temporary receiver and leave to commence an action for breach of contract against the temporary receiver based on nonpayment of his severance benefits. We conclude that the court erred in denying those parts of his motion, and we therefore modify the order accordingly. "[I]t is well settled that where a receiver has been discharged and relieved from any and all liability as receiver, he may not be sued until the appointing court vacates its order discharging him and grants leave to sue" (*149 Clinton Ave. N. v Grassi*, 51 AD2d 502, 506 [1976]; *see Columbus Realty Inv. Corp. v G & S Winding Rd.*, 257 AD2d 592 [1999]), and thus the court should have vacated that part of the order discharging the temporary receiver. In addition, the court should have granted leave to commence an action for breach of contract against the temporary receiver because the record establishes that there is merit to such an action. In view of the express language in the amended employment agreement that Sax is entitled to a termination or severance payment, "[i]n the event [his] employment is terminated or ends *for any reason*" (emphasis added), we conclude that, at a minimum, there is an issue of fact concerning the parties' intention whether Sax was to receive severance pay when the receivership inevitably ended.

Contrary to the further contention of the temporary receiver, leave to commence the action should not have been denied based on laches and undue delay. "Essentially, the defense of laches consists of an unreasonable delay by the plaintiff to the prejudice of the defendant. But mere delay, however long, absent the necessary elements to create an equitable estoppel, does not preclude the granting of equitable relief" (*149 Clinton Ave. N.*, 51 AD2d at 506). The only prejudice alleged by the temporary receiver is that the motion was brought after the foreclosure sale had taken place. The fact that the temporary receiver "may have paid out the funds collected and that the property involved

may be back in the hands of the mortgagor or have been sold in foreclosure[, however,] is no . . . bar to the action [inasmuch as] '[l]iability is not synonymous with ability to pay' and it, therefore, is not a condition of suit that the receiver be in funds to pay it" (*Copeland v Salomon*, 56 NY2d 222, 234 [1982]). Inasmuch as the temporary receiver had prior notice of Sax's claim and failed to demonstrate any injury or prejudice in the event that relief is accorded to Sax, laches is not a basis to deny that part of Sax's motion seeking leave to commence the action for breach of contract against the temporary receiver (*see Columbus Realty Inv. Corp.*, 257 AD2d at 593; *149 Clinton Ave. N.*, 51 AD2d at 506-507).

In light of our determination, we need not consider Sax's remaining contention. Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.