■ ROBERTO DELOS SANTOS, an Infant, by His Mother and Natural Guardian, SENEIDA DELOS SANTOS, et al., Appellants-Respondents, v 500 C.S. REALTY CORP. et al., Defendants, and L.W.L. ASSOCIATES et al., Respondents-Appellants. ROBERTO DELOS SANTOS, an Infant, by His Mother and Natural Guardian, SENEIDA DELOS SANTOS, et al., Appellants-Respondents, v WALTER STRAUSS, as Receiver, Respondent, and L.W.L. ASSOCIATES et al., Respondents-Appellants. [850 NYS2d 423]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered May 11, 2007, which, insofar as appealed from, denied the petition of plaintiffs/petitioners to vacate an order, dated April 14, 1994, discharging respondent Strauss as receiver and dismissed the proceeding without prejudice to a motion by plaintiffs/petitioners in the mortgage foreclosure action for leave to maintain the underlying action only against defendants L.W.L. Associates (LWL) and J.R. Properties Ltd. (JRP), and denied LWL's motion and JRP's cross motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The underlying action is based upon a claim of injuries suffered by the infant plaintiff as a result of lead paint poisoning in premises where Strauss had been appointed as receiver during a foreclosure proceeding. An action against a former receiver is not maintainable unless the order discharging the receiver is vacated and leave to prosecute the action is granted (*see Gadson v 1340 Hudson Realty Corp.*, 180 AD2d 582, 583 [1992]; *see also Copeland v Salomon*, 56 NY2d 222 [1982]). The court properly declined to vacate the order discharging Strauss with prejudice on the grounds of laches since Strauss would be at a significant disadvantage in defending the underlying action inasmuch as he was discharged from his receivership 11 years prior to the instant petition and had no notice of the underlying action (*compare Columbus Realty Inv. Corp. v G & S Winding Rd.*, 257 AD2d 592 [1999]). However, the court properly concluded that laches did not apply to the agents of Strauss, LWL and JRP, which, at separate times, were the managing agents of the

premises during the receivership. LWL and JRP were aware of the underlying action from the time it was initially commenced and had participated in discovery, and accordingly, are not prejudiced by the delay (see 149 Clinton Ave. N. v Grassi, 51 AD2d 502, 506-507 [1976]).

The court also properly denied LWL and JRP's applications for summary judgment because of the existence of triable issues of fact as to whether either managing agent had the necessary control to support imposition of liability for nonfeasance in abating the lead paint condition (see German v Bronx United in Leveraging Dollars, 258 AD2d 251 [1999]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Friedman and Moskowitz, JJ. [See 2007 NY Slip Op 31176(U).]