**28** ESTATE OF IRIS GORDON, Deceased, Respondent, v CITY OF NEW YORK et al., Defendants, and FRANCIS SYN-MOYE et al., Appellants. [965 NYS2d 872]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered September 30, 2011, which denied defendants-appellants' motion to dismiss the complaint as asserted against them, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as against defendants-appellants, without prejudice. The Clerk is directed to enter judgment accordingly.

"[W]here a receiver has been discharged from any and all liability, he or she may not be sued unless the appointing court vacates its order and grants leave to sue" (*Gadson v 1340 Hudson Realty Corp.*, 180 AD2d 582, 583 [1st Dept 1992]). Nothing in the record indicates that the Housing Court has vacated the consent order dated April 7, 2009, to which plaintiff was a party, discharging defendants as court-appointed administrators under article 7-A of the Real Property Actions and Proceedings Law. Concur—Andrias, J.P., Saxe, Freedman and Feinman, JJ.

Motion for sanctions denied.

ARI L. WALDMAN, Appellant, v MILLENNIUM REALTY GROUP LLC, Respondent. [964 NYS2d 422]—Order, Supreme Court, New York County (Paul Wooten, J.), entered October 2, 2012, which granted defendant's motion to dismiss the complaint for failure to timely file it in compliance with an order, same court and justice, entered May 6, 2011, in a prior action between the parties (index No. 116127/2010), unanimously affirmed, without costs.

The court properly dismissed the complaint in the instant action pursuant to the order in the prior action, which granted plaintiff leave to file a "new complaint" within 60 days and was marked "final disposition." It is undisputed that plaintiff did not file the complaint in the instant action until after 60 days had expired. Concur—Andrias, J.P., Saxe, Freedman and Román, JJ.