Innovatus Flagship Fund I, LP v Sabre Energy Servs. LLC (2023 NY Slip Op 50665(U))

[*1]

Innovatus Flagship Fund I, LP v Sabre Energy Servs. LLC

2023 NY Slip Op 50665(U)

Decided on July 5, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 5, 2023
Supreme Court, New York County

Innovatus Flagship Fund I, LP, INNOVATUS FLAGSHIP OFFSHORE FUND I, LP, Plaintiff,

against
Sabre Energy Services LLC, SABRE WEST TEXAS FACILITY LLC, Defendant.

Index No. 657015/2019

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122 were read on this motion to/for MISCELLANEOUS.
In motion sequence number 005, MAURY SATIN (hereinafter "receiver") moves, seeking approval of receiver's final report and accounting approving and confirming all actions taken by receiver and discharging the receiver.
Pursuant to an order dated January 14, 2020, the receiver was appointed to manage the business affairs of Sabre Energy Services LLC, and Sabre West Texas Facility LLC ("defendants"), as well as related entities Sabre Intellectual Property Holdings, LLC, Biowall, LLC, and Sabre Leasing, LLC (all entities collectively referred to as "receivership entities") (NYSCEF doc. no. 28).
In an order dated January 29, 2021, the matter was marked discontinued as "counsel for plaintiff advised that the case is 'essentially over' and that it may be discontinued without prejudice" (NYSCEF doc. no. 99). 
Subsequently, on February 23, 2021, the receiver moved for an order discharging him as receiver and approving his final report dated January 31, 2021 (NYSCEF doc. no. 102). The receiver also seeks an order directing that receiver and his agents, employees, members, officers, independent contractors, attorneys, and representatives are "(b) released from all claims and liabilities arising out of and/or pertaining to the receivership herein" (NYSCEF doc. no. 102).
Plaintiff lender opposes the part of receiver's motion seeking an order confirming the receiver's action and releasing the receiver from "all claims and liabilities" (NYSCEF doc. no. 105). Plaintiff claims that if receiver were given a release of general liabilities related to the receivership, this would preclude plaintiff lender from suing the receiver. The court notes that plaintiff lender does not oppose the part of receiver's motion discharging him as receiver.
CPLR § 6401(c) states, in relevant part: "[a] temporary receivership shall not continue after final judgment unless otherwise directed by the court." Furthermore, the "law is settled that where a receiver has been discharged from any and all liability, he or she may not be sued unless appointing court vacates its order and grants leave to sue" (Gadson v 1340 Hudson Realty Corp., 180 AD2d 582, 583 [1st Dept 1992], citing Laguerre v See Bel Realty Corp., 90 AD2d 707 [1st Dept 1982]).
In opposition to the receiver's motion, plaintiff contends that to discharge the receiver and release him from all claims and liabilities, would somehow preclude plaintiff's ability to sue the receiver at some point in the future. However, this conclusory position is of no moment. Indeed, plaintiff's own moving papers acknowledge that leave of court would be necessary to maintain any action against the receiver. Plaintiff goes on to state that there are several "potential claims" against the receiver and notes that they are "reviewing other potential claims" against the receiver (NYSCEF doc. no. 105). Again, any such claims would not necessarily be precluded under CPLR § 6401(c). 
The court also notes that this matter was marked discontinued on January 29, 2021, nearly two and a half years ago. To date, plaintiff has not commenced any action against the receiver nor has plaintiff moved to seek any leave of court to commence any action against the receiver. In effect, plaintiffs are seeking to circumvent the requirements of CPLR § 6401(c) and litigate the mere possibility of possible claims against the receiver, without any application before the court. At this juncture, to terminate the receivership, but not confirm the receiver's final report, is inconsistent with the fundamental purpose of the receiver's appointment in the first place.
This court hereby grants the receiver's application to be discharged and to have his final report confirmed in its entirety.
Accordingly, it is hereby
ORDERED that the Final Report of MAURY SATIN dated January 31, 2021, in his capacity as temporary receiver, is confirmed; and it is further
ORDERED that the continued payment for administrative proceedings, if any, is authorized; and it is further
ORDERED, that the temporary receivership is hereby terminated; and it is further 
ORDERED, that MAURY SATIN, his predecessors and successors in office, and their agents, attorneys and employees are released and discharged from any and all liability arising from their acts or omissions in connections with the receivership proceeding.
07/05/2023